THE INDIANAPOLIS & CINCINNATI RAILROAD COMPANY *v.*
KERCHEVAL.

RAILROADS—INJURY TO STOCK.—Under the law of 1863, "to provide compensation to the owners of animals killed," &c., (Acts 1863, p. 25,) all animals killed at any one time constitute a separate and indivisible cause of action, and two of these causes cannot be united to give jurisdiction to the circuit court.

SAME.—Complaint in the circuit court, in two paragraphs, for stock killed at different times. The first paragraph was for a horse worth $200, and the second for a cow worth $50.

*Held*, that as to the second paragraph of the complaint the circuit court had no jurisdiction, as the value of the cow did not exceed $50.

APPEAL from the *Decatur* Common Pleas.

RAY, J.—A complaint in two paragraphs was filed against the appellant. The cause of action stated in the first paragraph, was the killing, on the 24th day of *May*, 1864, by appellants' cars, of a mare, and the injuring of a colt. It was averred that the railroad was not securely fenced. The damages claimed were $200.

The second paragraph alleges the killing, in *July*, 1863, of a cow belonging to appellee, of the value of $50.

A demurrer, for want of jurisdiction of the cause of action, was filed to the second paragraph. The demurrer was overruled. Upon the trial, the witnesses fixed the value of the mare at $125, and no injury was shown to have resulted to the colt, and the appellee waived all claim for damages for any such injury. The value of the cow was fixed at from $12 to $15. The appellant objected to the evidence offered to support the second paragraph of the complaint. The objection was overruled, and exception taken. A motion for a new trial was also overruled, and a judgment was rendered for $137. The law of 1863, "to provide compensation to the owners of animals killed," &c., contains the same provisions, in regard to the jurisdiction of the circuit and common pleas courts, that were to be found in the act of 1859, and under the latter act it was held, in the case of *The Indianapolis & Cincinnati Railroad Company* v. *Elliott*, 20 Ind.

430, that the animals killed at any one time constituted a separate and indivisible cause of action, and these causes could not be united to give jurisdiction to the Circuit Court.

Under this decision, each case must be tried by the court having jurisdiction of that particular cause of action, and as the value of the cow did not exceed $50, the jurisdiction was limited under the statute to a justice of the peace. The demurrer should have been sustained to the second paragraph of the complaint, and the evidence in support of its averments excluded.

The cause is reversed, with costs, and remanded for further proceedings.

*T. A. Hendricks* and *O. B. Hord,* for appellant.

*S. Bryan,* for appellee.