Charles O. Livingston v. E. M. L'Engle, Trustee.—Syllabus.

CHARLES O. LIVINGSTON, PLAINTIFF IN ERROR, VS. E. M. L'ENGLE, TRUSTEE FOR SUSAN L'ENGLE AND MADELINE L'ENGLE, DEFENDANT IN ERROR.

1. In actions at law where the legislature has conferred upon no other court in a county jurisdiction of amounts over one hundred dollars, the test of jurisdiction of the Circuit Court as to amount involved is the same whether under the constitution of 1868 or 1885.

2. Circuit Courts have jurisdiction in all cases at law under the constitution of 1868 (and under the constitution of 1885, where the legislature has not conferred jurisdiction upon other courts) where the amount actually due and demanded is over one hundred dollars.

3. Where a plea is filed to a declaration and subsequently the declaration is amended by adding a count, and the defendant does not avail himself of his right to plead to the amended count,

but goes to trial on the issue joined on the plea, which is broad enough to apply to the declaration as amended, after verdict the plea must be taken as extending to the entire declaration.

4. A lessee when sued by his lessor for rent reserved in a lease, may recoup against rent due any damages resulting to the lessee by reason of a breach of any covenant express or implied in the lease on the part of the lessor, but the damages in such a case must arise out of a breach of the same contract upon which the lessor sues.

5. An eviction does not forfeit rent already accrued and overdue at date of eviction, and the tenant, in case he is sued for the rent overdue, may recoup, under proper pleadings, the damages resulting from breach of contract of lease occasioned by the eviction.

6. Where there are errors apparent on the record, and there is no doubt in the mind of the court, after a careful consideration of the evidence and the entire record, that the errors worked no prejudice to the plaintiff in error, the judgment will not be reversed.

Writ of Error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*A. W. Cockrell & Son, M. C. Jordan* for Plaintiff in Error.

*C. P. and J. C. Cooper* for Defendant in Error.

MABRY, J.:

This is an action at law on covenants in a lease of

real estate. The præcipe for summons and declaration were filed in the Duval Circuit Court on the 7th day of November, 1881.

The declaration alleges that Edward M. L'Engle, trustee for Susan L'Engle, and Madeline L'Engle, plaintiff in the court below, and defendant in error in this court, let to Charles O. Livingston, defendant below and plaintiff in error here, certain lots of land situated in Duval county, Florida, and described upon the map of the town of La Villa as lots numbered three and four, square thirty-one, for ten years, to hold from the first day of January, A. D. 1869, at $16 a year, payable semi-annually in advance, all of which rent is due and unpaid, and plaintiff claims $400. A copy of the lease is filed with the declaration.

On the second day of January, 1882, defendant below, by attorney, filed in this cause, his plea, and alleges therein that he duly performed all the covenants upon his part to be kept and performed by virtue of of the said lease, until the first day of July, A. D. 1873, when the plaintiff refused to comply with the covenants of said lease, and refused to receive rent for, and re-entered and ousted the defendant of the possession of the premises demised to him by said lease, and has ever since detained and kept the same from the defendant. This plea was demurred to by plaintiff L'Engle on the sixth day of February, 1882.

By leave of the court plaintiff below amends his declaration on the second day of January, 1884, by adding thereto the following count: "For that the plaintiff let to defendant·the following described lots of land, (the same as described in the original declaration,) to hold for ten years from the first day of January, A. D. 1869, and the defendant, by said deed, covenanted with the plaintiff that he would pay all legal taxes and assessments upon said land, to-wit: The demised premises; yet the defendant failed to pay the taxes of the State of Florida and the county of Duval due and assessed on lot four of said demised premises for the year 1871, amounting to $18.55, which, with interest to date, amounts to $34.19, and which said taxes this plaintiff was compelled to pay on June 4th, 1873; and further, the said defendant, notwithstanding said covenant to pay taxes, failed and omitted to pay the said State and county taxes on the said demised premises, lots three and four, due for the year 1872, by reason of which omission plaintiff was compelled to buy in said premises on the 9th of July, 1875, at tax sale for nonpayment of said taxes, the amount of said sale being $37.69, which, with interest to date, amounts to $63.22.

On the 9th of June, 1884, defendant Livingston, by leave of court, filed an additional plea. The averments of this additional plea are as follows: "And for an additional plea in said cause, the defendant says that

the plaintiff was before and at the time of the commencement of this suit, and still is, indebted to defendant in the sum of eight hundred and eighty dollars for the use and occupation of the premises mentioned in said declaration, which said sum of money is due from the plaintiff to the defendant as aforesaid, exceeds the damages sustained by the plaintiff by reason of the nonperformance by the defendant of the several premises mentioned in the said declaration, out of which said sum of money the defendant is ready and willing and hereby offers to set off and allow to the plaintiff the full amount of the said damages." On motion of plaintiff's attorney this plea was stricken from the files on the 9th of May, 1887, and on the same day by leave of the court, defendant Livingston filed the following further plea: The defendant, by his attorney, M. C. Jordan, comes and says, for a further plea, that he entered upon the possession of the premises under said lease, a copy of which is attached to plaintiff's declaration, and continued in possession thereof, paying the rent reserved thereby as the same accrued, and performing all the obligations and undertakings by him stipulated to be performed under said lease down to the —— day of December, 1873, when said plaintiff unlawfully and wrongfully entered upon said premises and expelled this defendant therefrom, and that said defendant put, during the time he so occupied said premises, permanent and valuable improvements

thereon, in value six hundred and eighty dollars, and this defendant, by said expulsion, was damaged by the loss of said improvements, and the loss of the stipulation in said agreement, whereby he was assured of the option to purchase said lands at and for the sum of two hundred dollars, in the sum of fifteen hundred dollars, and he claims to recover of said plaintiff the said sum of fifteen hundred dollars.

To this plea plaintiff below demurs, and assigns as causes of demurrer :

1st. The plea is not a defence at law.

2d. Matter set up is not matter of recoupment.

3d. If defendant was unlawfully evicted plaintiff cannot recover any sum.

4th. The plea is too indefinite as to matter sought to be recouped.

After argument the demurrer was sustained by the court on the 9th day of May, 1887, and on the same day, by leave of the court, defendant, Livingston, filed the following other plea: And the defendant, by his attorney, M. C. Jordan, further says, that the said plaintiff after this defendant had entered upon said premises under the lease set up in the plaintiff's declaration, and had put thereon valuable improvements, in value $680 and more, entered upon said premises on the 1st day of July, 1873, and wrongfully expelled this defendant therefrom, to the damage of the defendant $1,500, and defendant claims judgment of said plaintiff by way of recoupment for said sum of $1,500.

On same day plaintiff below interposed a demurrer to this plea, and assigns as grounds of demurrer the following :

1st. Plea is not a defence in law to the action.

2d. Said plea is vague and indefinite.

3d. Plea does not set up matters of set off or recoupment on which defendant can recover of plaintiff in this action.

On same day defendant by attorney joins issue on the demurrer, and on arguement the demurrer was sustained by the court. Thereupon plaintiff, L'Engle, withdrew his demurrer to defendant's first plea, and joins issue thereon. This cause was then at a term of the Circuit Court for Duval county on the 9th day of May, 1887, submitted to a jury, who rendered a verdict for plaintiff for $83. Upon the rendition of said verdict, defendant, Livingston, by his attorneys, entered a motion for new trial on the following grounds :

1st. The charges of the court given on behalf of the plaintiff are severally contrary to law.

2d. The verdict of the jury was contrary to law.

3d. The verdict of the jury was contrary to the evidence.

4th. The verdict of the jury was not supported by the evidence.

5th. The court erred in refusing the several charges severally asked by defendant.

6th. The court erred in striking out defendant's additional plea.

7th. The court erred in severally sustaining the several demurrers to the defendant's several pleas.

At the same time defendant also entered a motion in arrest of judgment on the ground that, under the pleading and evidence, and the law as laid down by the court in its charge to the jury, the demand of the plaintiff did not exceed one hundred dollars when the suit was commenced, and this court has no jurisdiction to enter judgment. These motions were overruled and judgment entered for the plaintiff against defendant for $83 and cost of suit.

During the same term of the court plaintiff tendered his bill of exceptions, which was duly signed by the judge. Defendant, Livingston, sued out a writ of error to this court, and assigns the following errors:

1st. The court erred in striking out his additional plea as defendant in the court below.

2d. The court severally erred in sustaining the several demurrers to his several pleas as defendant in the court below.

3d. The court erred in refusing his motion as defendant in the court below for a new trial upon each of the following grounds:

(a.) The charges of the court given on behalf of plaintiff in the court below were severally contrary to law;

(b.) The verdict of the jury was contrary to the law;

(c.) The verdict of the jury was contrary to the evidence;

(d.) The verdict of the jury was not supported by the evidence;

(e.) The court erred in refusing the several charges severally asked for by him as defendant in the court below;

(f.) The court erred in striking out his additional plea in the court below;

(g.) The court erred in severally sustaining the several demurrers to his several pleas.

4th. The court erred in refusing his motion for arrest of judgment upon the ground that under the pleading and evidence and the law as laid down by the court in its charges to the jury the demand of the plaintiff in the court below did not exceed one hundred dollars when the suit was commenced; and said court had no jurisdiction to enter judgment.

We will first consider the action of the court on the motion in arrest of judgment. Defendant below, upon the rendition of the verdict, moved the court not to enter judgment in this cause, because it had no jurisdiction in the premises. The amount of verdict for plaintiff was $83. The test of the court's jurisdiction is the same whether considered under the constitution of 1868 or 1885, the legislature having conferred upon no other court, for Duval county, jurisdiction of

amounts involving over $100. The court had jurisdiction in all cases at law in which the demand exceeded one hundred dollars. Constitution 1868, Art. 6, sec. 8; Constitution 1885, Art. 5; sec. 11. The amount actually due and demanded by the plaintiff, or the amount which plaintiff actually put in controversy is the proper test in determining the limit of jurisdiction. Wilson et al. vs. Sparkman, 17 Fla., 871.

The original declaration alleges that ten years' rent at $16 a year, payable semi-annually, was due and unpaid, and plaintiff in his testimony says defendant entered into the possession of the leased premises and paid rent to the first day of January, 1873, and never thereafter paid any rent. The count added to the declaration makes the further demand for $97.41 for taxes and interest paid by plaintiff, and which defendant should have paid, and this sum was also contended for on the trial. It is clear that the amount demanded and actually put in controversy in this case, was over one hundred dollars, and this gave the court jurisdiction.

Again attorney's for plaintiff in error insist in their brief that the court erred in submitting the case to the jury without an issue on the amended count in the declaration. It will be perceived that the only plea permitted to stand at the time of trial, and upon which issue was taken by plaintiff, was filed before the amended count was added to the declaration. The plea upon which issue was joined was the first plea

filed by defendant and is comprehensive and broad enough in its terms to apply to the declaration after the amendment.    Defendant  below  did  not avail himself of his right in the lower court to file a plea directed exclusively to the amended count in the declaration, but went to trial without objection, on the issue to his first plea.    Under the statute this plea must be taken as extending to the entire declaration, and there was no error in submitting the case to the jury under the status of pleadings at the time of trial. McClellan's Digest, page 834, sec. 98.

The attorneys for plaintiff in error insist here that the court erred in sustaining the demurrers to the additional pleas of defendant below.    Two pleas of defendant filed by leave of the court in succession were held insufficient on demurrer.    The action is based on covenants in a lease to pay rent and discharge taxes. The additional plea of defendant, to which the first demurrer was sustained, in substance avers that defendant entered into possession of the premises leased, and continued in possession paying rent as it became due, and performing all obligations of the lease on his part until the — day of December, 1873, when plaintiff unlawfully and wrongfully entered upon the premises and expelled defendant therefrom, and that during the time defendant occupied the premises he put permanent and valuable improvements thereon to the value of $680, and defendant by said expulsion was damaged by the loss of said improvements and the loss of the stipulation in the lease whereby he had the

option to buy the premises for two hundred dollars, in the sum of fifteen hundred dollars, which sum defendant claims to recover of the plaintiff. Attorneys for plaintiff in error contend that this is a good plea in recoupment. It is not claimed that it is good as a plea of set off.

A lessee when sued by his lessor for rent reserved in a lease, may recoup against rent due any damages resulting to the lessee by reason of a breach of any covenant express or implied in the lease on the part of the lessor. The damages allowed by way of recoupment in such cases must be such as arise from the same subject-matter, or spring out of the same contract as that upon which the plaintiff relies to maintain his action, and it is immaterial whether they are liquidated or not. Waterman on Set-Off, sec. 517; Mayor, &c., of New York vs. Mabie, 13 N. Y., 151; Bartlett vs. Farrington, 120 Mass., 284; Woodbridge vs. City of Detroit, 3 Mich., 281; Edgerton vs. Page, 20 N. Y., 281. The authorities cited by plaintiff in error, are in accord with the views here stated; but the damages attempted to be pleaded by way of recoupment must appear to arise from the same contract upon which plaintiff relies to maintain his action. The suit here is to recover rent under the covenants in a lease, and defendant seeks to set off damages sustained by what may be, so far as shown by the plea, a trespass on the part of plaintiff. Vide Bartlett vs. Farrington, supra. It is alleged that plaintiff entered upon the premises and expelled defendant therefrom,

33

but it does not appear how long defendant remained off the premises, or that in fact his possession was so interrupted as to amount to an eviction in law. In what way defendant lost the improvements and the option to purchase the land by reason of the expulsion is not stated. The plea is too indefinite and does not show that the alleged damages resulted from a breach of covenants in the lease on part of plaintiff, and the court therefore committed no error in sustaining a demurrer to it.

What is said in reference to the first plea demurred to, will apply to the second one. The second plea demurred to is as uncertain and defective as the first one, and the court did not err in sustaining a demurrer to it.

Many charges were given, both for plaintiff and defendant, on the trial of this cause, and some asked for the defendant were refused by the court, but in view of the conclusion we have reached, after a careful consideration of all the charges given and refused, and the testimony introduced on the trial, it is not deemed necessary to go into a discussion of all the charges. Attorneys for plaintiff in error do not allude in their brief to many of the assignments of error, and only one proposition of law arising under the charges do they cite any authorities. We will notice the first charge given for plaintiff, as it is the one which plaintiff in error contends announces an erroneous proposition of law, and is especially discussed here. It is as follows: "If you find from the evidence that de-

fendant in a lease covenanted to pay certain rental
and taxes during the term of his lease, and that he
failed to pay taxes during said term of lease, and
failed to pay any portion of rent during said term of
lease, and plaintiff paid said taxes, and that plaintiff
had not evicted said defendant previous to the time
when said taxes were paid and rent became due, then
you will find for plaintiff." The lease provided that
in event defendant (Livingston) failed to pay rent and
taxes as mentioned in the lease, plaintiff (L'Engle)
could, at his option, enter and dispossess defendant of
the premises, and all title created by the lease would
thereupon determine, or plaintiff could enter upon the
premises and distrain goods found thereon, or plaintiff
could sue defendant upon the covenants in the lease
for said rent. It is insisted by attorneys for plaintiff
in error that the charge was erroneous for the reason
that it recognized the right of plaintiff below to sue on
the covenants in the lease for past due rent after an
entry and eviction. "It is clear," says the plaintiff in
error, "that the lessor, by stipulating that there
should be a forfeiture of the title in the case of a
breach of the conditions, had determined before hand
the nature of his remedy, and must be content with
the penalty he has enforced. The lessee by accepting
the lease entered upon the premises under the stipula-
tion that if he did not perform the conditions therein
he should forfeit his estate therein." The position is
simply this, that the lease would become non-existent
by the entry of the lessor upon default of lessee, and

could not support an action of any kind. To sustain this position the case of Smith vs. Miller, 49 N. J. L., 521, is cited. The lease in this case was for twenty years, and it contained a clause providing that if at the expiration of the first five years from date default should be made for the space of sixty days in the payment of the rent, the lessee shall forfeit all the privileges and rights under it, and in case of such default the premises were to revert to the lessor the same as though the lease had never existed. The plaintiff sued and alleged that $1,000 of rent was in arrear and unpaid. Defendant claimed that the failure to pay the rent as charged in the declaration put an end to the lease absolutely, and no action could be maintained upon it. This position was not sustained by the court, and the following language was used by the judge who delivered the opinion in reference to it: "If it was possible to accede to this view of the legal force of the clause of forfeiture, I am yet unable to perceive how it would aid demurrant. For a glance at the lease discloses the fact that the covenant to pay rent was broken before the occurrence of the default, upon which the avoidance of the lease is based. The covenant was to pay the rent in quarterly payments at certain specified dates, but the event upon which the lease was to become void was a failure to pay any such installment within sixty days thereafter. So a right to an action for some portion of the rent must

have accrued before the occurrence of the sixty days' default." The case when carefully examined will be found to be an authority against the position of plaintiff in error. An eviction does not forfeit rent already accrued and over due at the date of eviction. The tenant in such a case if sued for the rent due may recoup under proper pleadings the damages resulting from the eviction. Waterman on Set-Off, sec. 527. There was no error in giving this charge under the pleadings in this case.

This case is before this court for the second time, two verdicts for plaintiff below having been rendered in the trial court. The conclusion we have reached after a careful consideration of all the charges, those given as well as those refused, is that the judgment of the court below should not be disturbed. The court gave some charges which, in our judgment, were incorrect, and refused to give some for defendant below which, abstractly considered, were correct, but there is no doubt in the mind of the court arising from a consideration of the evidence and the entire record in the case, that the errors discovered were not prejudicial to the defendant. No judgment should be reversed on error when the error complained of worked no injury to the party against whom the ruling was made. Gilmer vs. Higley, 110 U. S., page 47; Deery vs. Gray, 5 Wall., page 795; Simmons vs. Spratt, 26 Fla.

The judgment is affirmed.