(41 South. 564.)

No. 16,110.

SAMUEL ISRAELITE BAPTIST CHURCH
v. THOMAS.

(June 4, 1906. Rehearing Denied June 18, 1906.)

1. COURTS—APPELLATE COURTS—JURISDICTION
—AMOUNT IN CONTROVERSY.
    A claim for damages manifestly and preposterously inflated will not confer jurisdiction on this court.

2. SAME—DISMISSAL.
    Act No. 56, p. 135, of 1904, provides that, in cases appealed to the wrong courts, the judges "shall have the right" to transfer the appeals to the proper tribunals, instead of dismissing them. If the lawmakers had intended that the transfers, in such cases, should be obligatory, they would, no doubt, have so expressed themselves. As the law reads, it lies within the sound discretion of the court to which the appeal is taken to transfer, or dismiss, it. In the instant case, the latter is found to be the proper course to pursue.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Action by Samuel Israelite Baptist Church against Jordan Thomas. Judgment for defendant, and plaintiff appeals. Dismissed.

Simeon Belden and Albert Voorhies, for appellant. Woodville & Woodville, for appellee.

Statement.

MONROE, J. Plaintiff alleges that it is the owner of certain real estate, valued at $1,000, which it has been using for church purposes; but that defendant, aided by other persons, recently took forcible possession of the same and now refuses to allow the members and officers of the plaintiff congregation to enter and worship and conduct the temporal affairs of the corporation therein, with the result that they are scattered and are without a place of worship, and have been thereby injured, irreparably, to an amount now exceeding $5,000; and it prays that defendant be enjoined from "in any manner interfering with the congregation of said church and its board of trustees (appearing in this suit) in the possession and administration of the affairs of said Samuel Israelite Baptist Church, and that there be judgment perpetuating the injunction, with $5,000 damages caused by trespass, and for general relief," etc.

A preliminary injunction was accordingly issued, which defendant moved to dissolve, on the grounds: (1) That the bond was not good; and (2) that defendant had been in possession for many years and could not be ousted by a preliminary injunction. After hearing, this motion was made the judgment of the court (the injunction being dissolved with damages), and plaintiff prosecutes this appeal therefrom, which defendant moves to dismiss, on the ground that the amount involved does not exceed $2,000. Since the submission of the case, the appellant has filed a pleading, suggesting that, in the event the court should hold that it is without jurisdiction, the case be transferred to the Court of Appeal, under the authority of Act No. 56, p. 135, of 1904, and to this the appellee has filed something in the nature of an opposition.

Opinion.

We find nothing here in controversy save the right to the possession, pending the ap-

peal, of real estate alleged to be worth $1,000, plus a claim for damages, which, without expressing any opinion in other respects, we may say is manifestly and preposterously inflated, and is insufficient to confer jurisdiction on this court. The act of 1904 (No. 56, p. 135) provides that the judges of said courts "snall have the right," in cases where the appellants shall have appealed to the wrong court, to transfer said cause to the proper court, instead of dismissing the appeal. If it had been the intention of the lawmakers that the transfer thus provided for should be obligatory, no doubt, they would have so expressed themselves. As the law reads, it is left to the sound discretion of the court to transfer or to dismiss. In the instant case, we think the latter is the proper course to be pursued.

The appeal herein is, accordingly, dismissed at the cost of the appellant.