W. M. HOLLOWAY, *Plaintiff in Error,* v. L. C. GRACY AND A. W. McDONALD, PARTNERS DOING BUSINESS AS GRACY & McDONALD, *Defendants in Error.*

A plea filed to the original declaration upon which the pleader endorses an election to apply to the amended declaration, if responsive thereto, and issue be joined "upon each and every of the defendant's pleas filed herein" may not be ignored and if established entitles the defendant to judgment in his favor.

This case was decided by Division A.

Writ of Error to the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*James M. Rivers,* for plaintiff in error;

No appearance for defendants in error.

COCKRELL, J.—Gracy & McDonald in 1899, began an action against W. M. Holloway, which after varied amendments was by agreement referred to a practicing attorney for trial. The referee found against them on all the counts except the common count for "money had and received," and on this count entered judgment in their favor in the sum of three hundred dollars with interests and costs.

The referee denied a defense based upon the statute of limitations upon the ground that the plea of the statute filed to the original declaration was not properly applied to the amended declaration. The record discloses that several months after the defendant had pleaded the general issue to the amended declaration he endorsed upon the plea filed to the original declaration that he elected to apply the plea to the first three counts of the amended declaration; there were other pleas subsequently filed by the defendant and several years thereafter before the referee the plaintiff joined "issue upon each and every of the defendants' pleas filed herein."

We have not been furnished a brief in behalf of the plaintiff below, but from the findings of the referee it appears that the plea was ignored upon the authority of

the case of Livingston v. L'Engle, 27 Fla. 502, 8 South. Rep. 728. This court there held that, where the defendant did not file a plea directed exclusively to an amended count in the declaration and went to trial without objection upon issue joined upon his plea to the original declaration which is applicable to the amended count, the plea will be taken as applicable to the entire declaration and no error is committed in submitting the case to the jury. That case is not controlling here. The statute provides that "in case the amended pleading has been pleaded to before amendment, and is not pleaded to *de novo* within said two days, or within such other times as the court may allow, the pleadings originally pleaded thereto shall stand and be considered as pleaded in answer to the amended pleadings." Revised Statutes, §1044, brought forward as Section 1434 of the General Statutes of 1906. Resort to the automatic operation of the statute was not had by either party, but the defendant endorsed upon the original plea that it was refiled to the amended declaration; this method of filing was at most but an irregularity in the filing of a new and distinct plea and any irregularity in such proceedings was waived by the joinder of issue upon "each and every plea filed herein;" the waiver if done mistakenly should have been withdrawn in an orderly way, and the noxious plea irregularly filed then stricken. The plea was before the referee, and brought to his attention, with issue formally joined upon it and should not have been ignored. Upon the evidence the statute had run, and upon the plea, judgment should have been rendered for the defendant upon the first count to which it was applicable and to which it was applied.

The judgment is, therefore, reversed and a new trial awarded.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.