SEABOARD AIR LINE RAILWAY, *Plaintiff in Error,* v. EDWARD MAXEY. *Defendant in Error.*

1. Judicial power to enter a judgment extends only to subjects over which the court or judge has jurisdiction; and a judgment entered in a judicial proceeding as to a subject not within the judicial power of the court or judge is a nullity.

2. Costs properly incurred are an incident to a judicial proceeding and are not part of the damages claimed or demand or penalty being adjudicated; consequently costs do not affect the jurisdiction of the court.

3. Where a statute requires a judgment to be entered for double the damages found to be due, the double damages constitute the demand or damages claimed.

4. The amount of damages stated in the *ad damnum* clause of a declaration does not determine the jurisdiction of the court, when the real "demand or value of the property involved" otherwise clearly appears, and the *ad damnum* is in excess of the real demand.

5. Where in an action for killing stock the demand for double damages under the statute "does not exceed $100.00," the Circuit Court is without original jurisdiction.

Appealed from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*L. N. Green,* for Plaintiff in Error;

*Richard McConathy,* for Defendant in Error.

WHITFIELD, C. J.—Maxey brought an action in the Circuit Court for Marion County to recover damages for cattle killed by the railway company "all of the value of Fifty dollars," and it is alleged that under the statute the defendant "is liable to plaintiff for double the value of said animals;" and plaintiff being represented by counsel claims under the statute a reasonable attorney fee of fifty dollars; "wherefore plaintiff claims two hundred dollars damages." Judgment was rendered for the plain-

tiff in the "sum of one hundred ($100.00) dollars, damages, and the further sum of $——— costs including fifty dollars attorney fee." The defendant took writ of error.

The constitution ordains that "the Circuit Courts shall have exclusive original jurisdiction in all cases in equity, also in all cases at law, not cognizable by inferior courts." "The justices of the peace shall have jurisdiction in cases at law in which the demand or value of the property involved does not exceed $100.00." Sec. 11 Art. V. and Sec. 22 of Art. V. as amended.

Judicial power to enter a judgment extends only to subjects over which the court or judge has jurisdiction; and a judgment entered in a judicial proceeding as to a subject not within the judicial power of the court or judge is a nullity.

Costs properly incurred are an incident to the judicial proceeding and are no part of the damages claimed or demand or penalty being adjudicated; consequently costs do not affect the jurisdiction of the court.

Where a statute requires a judgment to be entered for double the damages found to be due, the double damages constitute the demand or damages claimed.

Sections 2871-2875 of the General Statutes provides that under certain conditions the railroad company shall be liable for double the value of the live stock killed, and that under certain conditions the court shall render judgment "for double the damage found to be due the plaintiff ——————— and also render judgment ————— for all costs of the said suit, which costs shall include a reasonable attorney's fee, said fee to be determined by the court." In such cases the double damages actually and in good faith stated in the declaration constitute the demand or damages claimed for the purpose of determining the jurisdiction of the court. The statute makes the

attorney fee a part of the costs, and costs do not affect the jurisdiction of the court. Louisville & N. R. Co. v. Sutton, 54 Fla. 247, 44 South. Rep. 946; Seaboard Air Line R. Co. v. Ray, 52 Fla. 634, 42 South. Rep. 714.

The amount of damages stated in the *ad damnum* clause of the declaration does not determine the jurisdiction of the court, when the real "demand or value of the property involved" otherwise clearly appears, and the *ad damnum* is in excess of the real demand. A different statute was considered in the case of Florida Cent. & P. R. Co. v. Seymour, 44 Fla. 557, 33 South. Rep. 424.

As the demand was for double the value of animals valued as a whole at fifty dollars, the entire demand "does not exceed $100.00," and is therefore "cognizable by inferior courts," *viz.* justices of the peace, consequently the Circuit Court was without jurisdiction.

The judgment is reversed.

SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.

TAYLOR, J., absent on account of illness.