THE DIRECTOR GENERAL OF RAILROADS, *Plaintiff in Error*, v. H. WILFORD, *Defendant in Error*.

### Opinion Filed April 2, 1921.

1. The Circuit Court has no jurisdiction where the declaration in several counts claims damages for killing stock at different times and places when no one claim for stock killed at one time exceeds one hundred dollars, though the total aggregate of claims made in several counts of the declaration for several separate and independent killings, amount to more than one hundred dollars.

2. The jurisdiction of the court is determined by the actual demand in good faith made or by the actual damages claimed to have been sustained.

3. The amount of damages stated in the *ad damnum* clause of a declaration does not determine the jurisdiction of the court, when the real "demand or value of the property involved" otherwise clearly appears, and the *ad damnum* is in excess of the real demand.

A Writ of Error to the Circuit Court for Clay County; George Couper Gibbs, Judge.

Judgment reversed.

*Landis, Fish & Hull* and *A. H. Bell,* for Plaintiffs in Error;

*Leonidas E. Wade,* for Defendant in Error.

WHITFIELD, J.—In an action to recover damages for stock killed by a railroad train, it is alleged in one count that a cow of the value of $50.00 was killed on May 2, 1918, and in another count that a cow valued at $65.00 was killed on May 28, 1918, and in another count that two heifer cows valued at $25.00 each, amounting to $50.00 were killed on June 11, 1918. In each count it is stated that the plaintiff sues for $500.00. A bill of particulars confined the demand to the separate items and dates above set forth. A demurrer to the declaration was overruled and a motion to strike was overruled each presenting the question of the jurisdiction of the court in view of the amount involved. At the trial judgment for the plaintiff in $160.00 was rendered. The defendant took writ of error.

The Constitution provides that "the circuit courts shall have exclusive original jurisdiction in all * cases at law, not cognizable by inferior courts." Sec. II, Art. II. "The justices of the peace shall have jurisdiction in cases at law in which the demand or value of the property involved does not exceed $100.00."

The legislature has not attempted to confer upon the Circuit Courts jurisdiction concurrently with lower courts. See Birmingham Trust & Savings Co., State *ex rel.* v. Reeves, 44 Fla. 179, 32 South. Rep. 814; Ferrell v. Reed, 60 Fla. 62, 53 South. Rep. 935; Livingston v. L'Engle, 27 Fla. 502, 8 South. Rep. 728.

Nor is the statute permitting the joinder of causes of action designed to confer jurisdiction where the amounts involved in the causes joined do not afford jurisdiction.

Sec. 1389, Gen. Stats. 1906, Comp. Laws 1914, Sec. 2585, Rev. Gen. Stats., 1920.

Where in an action for killing stock the demand for double damages under the statute "does not exceed $100.00," the Circuit Court is without original jurisdiction. Seaboard Air Line Ry. v. Maxey, 64 Fla. 487, text 488, 60 South. Rep. 353; Sumner Lumber Co. v. Mills, 64 Fla. 513, 60 South. Rep. 757.

Double damages may not be recovered from the Director General of Railroads. See Hines v. Taylor, 79 Fla. 218, 84 South. Rep. 381.

In an action for stock killed, after judgment it may be inferred from an ambiguous declaration that the several head of stock were killed at the same time and a proper claim of double damages may give the court jurisdiction. Georgia, F. & A. R. Co. v. Andrews, 61 Fla. 246, 54 South. Rep. 461.

The jurisdiction of the court is determined by the actual demand in good faith made or by the actual damages claimed to have been sustained. Louisville & N. R. Co. v. Sutton, 54 Fla. 247, 44 South. Rep. 946; Wilson v. Sparkman, 17 Fla. 871; Livingston v. L'Engle, 27 Fla. 502.

The amount of damages stated in the *ad damnum* clause of a declaration does not determine the jurisdiction of the court, when the real "demand or value of the property involved" otherwise clearly appears, and the *ad damnum* is in excess of the real demand. Seaboard Air Line Ry. v. Maxey, *supra.*

"The demand" referred to in the constitution is single and does not authorize the joinder of distinct causes to confer jurisdiction.

In this case, each demand is for a separate and distinct tort committed at different times and no one demand exceeds $100.00, therefore, no one is within the jurisdiction of the Circuit Court. The joining of the several demands in one action by the use of separate counts, does not confer jurisdiction upon the Circuit Court, where no one of the demands is in excess of $100.00. Under the constitution the court below the Circuit Court has jurisdiction where "the demand * does not exceed $100.00," and the Circuit Court has jurisdiction in cases "not cognizable by inferior courts," the legislature not having given the Circuit Court jurisdiction concurrently with the justices of the peace in this class of cases. See Winer v. Bank of Blytheville, 89 Ark. 435, 117 S. W. Rep. 232, 131 Am. St. Rep. 102; Brooks v. Hornberger, 78 Ark. 595, 94 S. W. Rep. 708; 33 Cyc. 1256; 7 R. C. L. 1055; 15 C. J. 768; Indianapolis & C. R. R. v. Elliott, 20 Ind. 430; Indianapolis & C. R. Co. v. Kerchebal, 24 Ind. 139; Louisville N. A. & C. Ry. Co. v. Quade, 101 Ind. 364; Jeffersonville, M. & I. R. Co. v. Breboort, 30 Ind. 324; Toledo B. & L. Ry. Co. v. Tilton, 27 Ind 71.

This is not a case of several demands growing out of a single transaction or out of a single or continuing delict, or out of a course, of business relations, or out of the general act of tort. See Chicago, I. & L. Ry. Co. v. Ramsey, 168 Ind. 390, 81 N. E. Rep. 79; 15 C. J. 770; McDaniel v. Traylor, 212 U. S. 428; St. L. S. Ry. v. James, 78 Ark. 490, 8 Ann. Cas. 611.

The demand for $500.00 in each count is obviously inflated and is not sustained by the allegations of the count as to the value of the stock killed, and double damages are not recoverable against the United States Director General of Railroads, therefore the real claim for dam-

ages in each count is the value of the stock killed, which in no one of the counts exceed $100.00 but is $50.00, $65.00 and $50.00 respectively. Seaboard Air Line Ry. v. Maxey, *supra;* 1 Ency. Pl. & Pr. 710, 712; Baptist Church v. Thomas, 117 La. 253, 41 South. Rep. 564; Clement v. Louisville & N. R. Co., 153 Fed. Rep. 979; 1 Ency. Pl. & Pr. 710. And if interest is allowable and may affect the jurisdiction if sufficient in amount, in this case interest if allowed cannot possibly bring "the demand or value of the property" in any count within the jurisdiction of the Circuit Court. Costs do not affect the jurisdiction of the court. Attorney fees are allowed by the particular statute as a part of costs. Hines v. Taylor, 79 Fla. 218, *supra;* Knight v. Quincy, O. & K. C. R. Co., 120 Mo. App. 311, 96 S. W. Rep. 716.

The demands are for damages for several separate and distinct torts and cannot be joined to confer jurisdiction that otherwise would not exist in the Circuit Court. 1 Ency. Pl. & Pr., 722. This does not conflict with Western Union Tel. Co. v. Wells, 50 Fla. 474, 39 South. Rep. 838.

The purpose and the language of the constitution require small claims to be adjudicated by courts inferior to the Circuit Court. Such inferior courts may make more speedy disposition of cases and this accords with the organic purpose.

Consent, acquiescence or waiver cannot confer jurisdiction as to a subject matter not within the power of the court to adjudicate.

As under the constitution the Circuit Court had no jurisdiction of any one of the demands contained in the.

several counts of the declartion, the judgment must be reversed.

It is so ordered.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.