108 So.2d 299 (1959)
Ada GANNETT, Appellant,
v.
William F. KING et ux., Appellees.
No. 717.
District Court of Appeal of Florida. Second District.
January 21, 1959.
*300 Irving Hoffman and Howard M. Duncanson, Hollywood, for appellant.
William C. Mather, Hollywood, for appellees.
KANNER, Chief Judge.
Since the appeal instituted in this court by appellant emanates from the circuit court's order dismissing the second amended complaint on its merits and since it does not appear from the allegations that the trial court had jurisdiction, the opinion of this court will be confined to jurisdictional aspects of the case and will not be directed to appellant's points on the merits of the appeal. The question of jurisdiction is here raised ex mero motu.
The basic element which brought the case before the circuit court was a claim set forth by appellant as damages and expenses allegedly in excess of $500. The situation leading to the action thus instituted began with the purchase of certain lands by appellant, the result of such transaction being a statutory warranty deed to her from the sellers-appellees. The deed warranted the title in full and was not subject to restrictions or encumbrances of record. The complaint of appellant charged breach of certain warranties contained in the deed and set forth this list of damages and expenses which resulted:

 "Filing Fee $12.50
 Publication fee 18.37
 Guardian ad litem & Attorney ad litem fee 25.00
 Release of reverter 150.00
 Certified copy decree .50
 Recording release of reverter 1.50
 Attorneys' fees 250.00
 _______
 Total $457.87"

Appellant further claimed interest from the date of demand alleged to have been made by her on August 12, 1957, the demand having been ignored by appellees. In order to make up the required jurisdictional amount, appellant alleged that *301 she "has been forced to employ the undersigned attorneys, for which she has obligated herself to pay a reasonable fee for services rendered in and about the prosecution of this suit, which reasonable fee will exceed the sum of $42.13, making her entire damages in excess of $500.00." Thus the attorney's fee claimed would raise the total from an amount less than $500, a sum within the county court's jurisdictional scope, to an amount in excess of $500, which would elevate it to the circuit court's jurisdiction.
The action here concerned was brought in the circuit court of Broward County. There exists in that county a county court, originally established by chapter 6983 of the Laws of Florida, for 1915. Under the Constitution of the State of Florida, Article V, section 6(c), F.S.A., the jurisdiction of the circuit courts, as it may be applicable to the present case, extends to "all cases at law not cognizable by subordinate courts" and "in all actions involving the titles or boundaries of real estate." Under Article V, section 8, the jurisdiction of county courts, in counties where they exist, includes "all cases at law in which the demand or value of the property involved shall not exceed five hundred dollars."
To begin with, it must be emphasized that the claim is not one involving the title to land so as to fall automatically within the jurisdiction of the circuit court under the constitutional provision. In Barrs v. State, 1928, 95 Fla. 75, 116 So. 28, 29, the Supreme Court said:
"A suit is one `involving the title to real estate' only where the necessary result of the decree or judgment is that one party gains or the other loses an interest in the real estate, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves the judicial determination of such rights."
The complaint here does not assert a claim for the adjudication of the rights of parties to the real estate itself. Even though the condition of the title of record affects the right of recovery and, as a consequence, upon such condition of title would depend necessary proof incident to a proper judgment, neither the record of the title nor its status would be involved or affected by the result of the litigation. Rather, the action is upon an alleged breach of warranties in a deed, the title to the land being only incidental to the asserted claim. Barrs v. State, supra; see also Annotation, 115 A.L.R. at page 535.
Since the claim was not one automatically within the jurisdiction of the circuit court, it must now be determined whether the amount in controversy was such as to exceed the jurisdictional scope of the county court and thus fall within that of the circuit court.
A pleading which sets forth a claim for relief must contain allegations of fact sufficient to show the jurisdiction of the court. Rule 1.8(b), Florida Rules of Civil Procedure, 30 F.S.A. In the final analysis, where the jurisdiction depends upon the amount involved in a case, the answer cannot rest upon the amount claimed or actually recoverable, but the question must be resolved by the amount claimed in good faith and put in controversy. Richter Jewelry Co. v. Harrison, 1941, 147 Fla. 732, 3 So.2d 387. Regardless of what statement of damages is made in the ad damnum clause of a complaint, such statement does not determine the jurisdiction of the court if it clearly appears that the real demand or value of the property is otherwise than stated and the ad damnum exceeds the real demand. Seaboard Air Line Ry. v. Maxey, 1912, 64 Fla. 487, 60 So. 353; and Director General of Railroads v. Wilford, 1921, 81 Fla. 430, 88 So. 256. Generally, see 8 Fla.Jur., Courts, section 103, pp. 376-378, and cases cited therein.
Applicable in the Florida jurisdiction is the general rule that attorney's fees *302 which devolve upon a plaintiff in litigation of his claim against a defendant are not recoverable as an item of damages unless there is liability therefor under contract or statute. 9 Fla.Jur., Damages, section 77, pp. 413-414; Brite v. Orange Belt Securities Co., 1938, 133 Fla. 266, 182 So. 892; and Hoffman v. Barlly, Fla.App. 1957, 97 So.2d 355. It is a logical consequence that such fees cannot be added to the amount in controversy so as to fulfill the requisite jurisdictional sum. In 21 C.J.S. Courts § 59, p. 74, it is said: "* * * in an action for damages a claim for attorney's fees which are not allowable by law in such actions cannot be added to the amount in controversy so as to give the court jurisdiction * * *" In 14 Am.Jur., Courts, section 216, p. 413, it is said: "Furthermore, attorney's fees, other than those stipulated for in a note or contract obligation or recoverable under statute, are not elements in computing the jurisdictional amount." See Annotation 77 A.L.R. at pages 1013-1014. Conversely, where the claim for attorney's fees may be a proper element of damage, it may be used in determining the jurisdictional amount, as in a claim on a note providing for payment of attorney's fees, Ring v. Merchants' Broom Co., 1914, 68 Fla. 515, 67 So. 132, or when the claim is under a statute as in Florida Cent. & P.R. Co. v. Seymour, 1902, 44 Fla. 557, 33 So. 424. So generally, for a claim for attorney's fees to become efficacious in the computation of the jurisdictional amount, it must be bolstered by contract or must be based upon statutory authority.
The court does not here intend to imply that a reasonable attorney's fee may not be included as an item of damages for breach of warranties in a deed, under appropriate circumstances, wherein the grantee necessarily incurred costs and expenses and became obligated to pay an attorney's fee for clearing a title as the result of a breach. Gore v. General Properties Corporation, 1942, 149 Fla. 690, 6 So.2d 837, 141 A.L.R. 476; and General Properties Corporation v. Gore, 1943, 153 Fla. 236, 14 So.2d 411. The reason for this is that such a claim has a contractual basis, because it arises out of a breach of warranty covenanted by a grantor to a grantee. However, in the present litigation, the additional amount claimed for attorney's fee for services in connection with the existing action is not based upon such contractual obligation nor upon statute and cannot be sustained under either of these considerations.
The amount put in controversy by the complaint was $457.87, plus the claim for interest from the time of demand. It may be said that legal interest obviously could not have been sufficient in the indicated time to make up the difference in the jurisdictional amount.
When a court is not empowered with jurisdiction over a subject matter, it cannot be endowed with such power by consent, acquiescence, or waiver. It follows that the circuit court was without jurisdiction to entertain the case on its merits. By what has been said here, it must not be inferred that this court is expressing any view one way or the other as to the merits or enforceability of the claim by the appellant.
The case is reversed and the trial court is ordered to enter judgment dismissing the second amended complaint for failure on the part of the appellant to allege an amount in controversy within the court's jurisdiction, in lieu of the judgment dismissing the cause on its merits.
Reversed.
ALLEN and SHANNON, JJ., concur.