GRIFFIN, Judge.
This is an appeal of a final summary judgment entered in favor of Nova University (“Nova”) in an action to recover on two promissory notes representing loans made by Nova to a former student. We reverse.
Nova filed the present action on September 27, 1990, to recover monies which had been borrowed by Sullivan to attend law school at Nova. The complaint alleged that Sullivan had executed a promissory note in favor of Nova on or about December 19, 1983, that Nova had accelerated the balance due under the note because Sullivan had failed to make payments when due, and that:
Defendant(s) owe(s) Plaintiff the sum of $6,631.32 that is due with interest since June 23, 1986, the date of default.
Inexplicably, however, there were two promissory notes attached to the complaint which scheduled a series of advances total-ling only $3,700.[1]
In his answer, Sullivan denied the material allegations of the complaint and raised affirmative defenses, including the failure to comply with the statute of limitations and that the matter was res judicata because of an earlier action between the parties.[2] Nova then filed a request for admissions, production of documents and answers to interrogatories. The request for admissions asked Sullivan to admit (1) that the (singular) promissory note attached to its complaint was genuine, (2) that his signature on the note was genuine, (3) that he failed to pay monies due under the note, (4) that “the balance due and owing to Plaintiff is $6,631.23”, and (5) that Nova was entitled to a reasonable attorney’s fee under the terms of the note. The certificate of service appended to each of Nova’s filings show that they were served by mail on Sullivan at an address in Rockledge, Florida.
Sullivan failed to timely respond to Nova’s request for admissions. Thereafter, Nova moved for summary judgment, contending the matters contained in its request for admissions had been deemed admitted by Sullivan. Nova also filed an “Affidavit of Claim” which purported to show Sullivan owed an outstanding loan balance of $6,631.23. However, the spaces *599 on the affidavit for affiant’s name, employer or position were blank, there was no reference to either Nova or to Sullivan, the original amount of the loan was missing and it did not append, as recited, a copy of the original statement of account. The certificate of service on these filings indicates that they were also served by mail on Sullivan at an address in Rockledge, Florida. Final summary judgment was entered in favor of Nova on July 18, 1991 in the total amount of $9,197.03.[3] On September 18, 1991, Sullivan filed a motion to dismiss and/or to vacate the judgment, asserting (1) that the circuit court was without jurisdiction because Nova’s claim did not exceed the $5,000 jurisdictional threshold; and (2) that he had not received notice of the hearing on Nova’s motion for summary judgment. The address shown on Sullivan’s filings was the address in Cocoa, Florida that had been shown on the face of the note as his permanent address. The court vacated its earlier judgment finding that:
1. Summary judgment was entered without appropriate notice.
2. The Affidavit upon which the Summary Judgment was based was incomplete.
Shortly after the court vacated its earlier judgment, Sullivan moved for leave to file a late response to Nova’s earlier request for admissions, and to amend arid supplement his answer and set the matter for hearing on November 19, 1991. One week later, Nova responded by noticing a second hearing on its motion for summary judgment, which it then set for the day before Sullivan’s hearing.
Prior to the hearing on the summary judgment motion, Sullivan filed an amended response to Nova’s request for admissions and a proposed amended answer that contained nine affirmative defenses, as well as a three count counterclaim. Sullivan also filed an affidavit in opposition to Nova’s motion for summary judgment which stated as follows:
2. Defendant knows of no other promissory notes other than those attached to Plaintiffs [sic] complaint.
[[Image here]]
8. Defendants [sic] late response to Plaintiffs [sic] request for admission [sic] should be considered as Plaintiffs sent the request to an address in which Defendant did not reside.
The court apparently granted Nova’s motion for summary judgment at the hearing on November 18,1991 and a final summary judgment was entered in favor of Nova in the amount of $9,307.55, calculated as follows:
Principal $6,631.23
Interest 1,768.32
Costs 108.00
Attorney’s Fees 800.00
$9,307.55
The primary issue on appeal is whether the circuit court had subject matter jurisdiction of the action. The complaint in this case alleges that the cause of action arose on June 23, 1986, when defendant failed to make a payment due under the note(s). Thus, for jurisdiction to vest in the circuit court, the amount in controversy had to exceed the sum of $5,000, “exclusive of interest, costs, and attorney’s fees”. §§ 26.012(2)(a) and 34.01, Fla.Stat. (1991).
Nova erroneously theorizes that the jurisdictional issue is exclusively controlled by the allegation on the face of the complaint, that “Defendant(s) owe(s) Plaintiff the sum of $6,631.32 that is due with interest since June 23, 1986, the date of default.” Nova ignores the fact that the notes attached to the complaint show loans to Sullivan in the principal amount of only $3,700. Florida is among the jurisdictions in which:
the mere assertion in the complaint of an amount exceeding the jurisdictional minimum is not sufficient [to confer jurisdiction] where on the face of the allegation in the complaint it appears that the required minimum amount is actually not involved, or that the facts alleged cannot furnish any legal basis for the claim raised.
*600 20 Am.Jur.2d Courts § 155 (1965). See, e.g., Director General of Railroads v. Wilford, 81 Fla. 430, 88 So. 256 (1921); Gannett v. King, 108 So.2d 299 (Fla. 2d DCA 1959).[4]
In this case, then, the bare allegation of an amount in controversy exceeding $5,000 is insufficient to confer jurisdiction upon the circuit court, since Nova’s claim is based upon two notes attached to this complaint which show on their face that the principal amount of the debt is substantially less than $5,000.[5] There is no explanation for the discrepancy in the record on appeal. We conclude that, in light of the challenge to subject matter jurisdiction, the lower court erred in entering summary judgment prior to determining that the court had jurisdiction. If Nova can make no better showing than that contained in its initial pleading, the case should be transferred to county court. Aysisayh v. Ellis, 497 So.2d 1316 (Fla. 1st DCA 1986).
Even if the lower court had jurisdiction, it would have been error to enter a final summary judgment in favor of Nova. The affidavit filed by Nova that was deemed insufficient by the court to support the first summary judgment was never corrected. The allegations appearing on the face of the complaint and the affidavit filed by Sullivan prior to entry of the December 1991 final summary judgment show disputed factual issues concerning the principal balance due under the notes. Summary judgment could not be based solely on these unanswered requests for admissions because the record indicates they were never served on Sullivan and were contradicted by other portions of the record. See Sher v. Liberty Mutual Ins. Co., 557 So.2d 638 (Fla. 3d DCA 1990).
REVERSED and REMANDED.
GOSHORN, C.J., and W. SHARP, J., concur.

. The first note showed that Sullivan had received advances from Nova totalling $3,100 between December 19, 1983, and April 9, 1985, and the second note showed that Sullivan had received an advance of $600 on September 12, 1985. Sullivan filed an affidavit averring that these notes were the only ones he knew of.

. Sullivan's answer did not contain an address for service of filings.

. Interest under the notes was to accrue at an annual rate of 5%.

. Gannett involved variations between the amount in controversy claimed in an ad dam-num clause and that shown by the allegations of the complaint. The Gannett court stated:
In the final analysis, where the jurisdiction depends upon the amount involved in a case, the answer cannot rest upon the amount claimed or actually recoverable, but the question must be resolved by the amount claimed in good faith and put in controversy. Richter Jewelry Co. v. Harrison, 1941, 147 Fla. 732, 3 So.2d 387. Regardless of what statement of damages is made in the ad damnum clause of a complaint, such statement does not determine the jurisdiction of the court if it clearly appears that the real demand or value of the property is otherwise than stated and the ad damnum exceeds the real demand. Seaboard Air Line Ry. v. Maxey, 1912, 64 Fla. 487, 60 So. 353; and Director General of Railroads v. Wilford, 1921, 81 Fla. 430, 88 So. 256. Generally, see 8 Fla.Jur., Courts, section 103, pp. 376-378, and cases cited therein.
108 So.2d at 301.

. Nova merely relies on Sullivan’s failure to respond to Nova's request for admissions.