BARTOW R. JOHNSON v. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION.

169 So. 559.

Division B.

Opinion Filed July 23, 1936.

*James N. Daniel,* for Plaintiff in Error;

*John H. Carter* and *John H. Carter, Jr.,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review a judgment in favor of the defendant on an accident insurance policy.

The policy contained the following clause:

"In consideration of the Company accepting a woman to membership, it is understood and agreed that this insurance does not cover loss resulting from childbirth or any disease or injury of the uterus or ovaries or their appendages or any disease peculiar to woman."

The defendant pleaded for 4th Plea as follows:

"4. The policy sued on before and at the time of the alleged injury and continuously after the institution of this. suit, carried the following express provision endorsed thereon, and accepted by the plaintiff, to-wit:

"'In consideration of the Company accepting a woman to membership, it is understood and agreed that this insurance does not cover loss resulting from childbirth, or any disease or injury of the uterus or ovaries or their appendages, or any disease peculiar to woman. All of which the insured agrees to by the acceptance of this policy.'

"Defendant avers that the alleged loss resulted from injury of the uterus, and disease of the uterus and ovaries and their appendages, and other disease peculiar to women. Wherefore, defendant says it is not liable to the plaintiff for

any benefits under the terms of the policy for the injury sued for."

Plaintiff filed replication to the 4th plea, as follows:

"And the plaintiff, for a second replication to plaintiff's fourth plea, says: The plaintiff denies that her loss resulted from any injury or disease of the uterus, or ovaries, or their appendages, or other disease peculiar to women, and says that the alleged injury and disease of the uterus, ovaries and their appendages and other diseases peculiar to women mentioned in defendant's fourth plea was a consequence and not a proximate cause, of plaintiff's injury described in her declaration."

The issue clearly presented to be determined was whether the injury was the result of an accident, or accidental means independent of all other causes, or was the result of a disease or injury of the uterus or ovaries, or their appendages, or any disease peculiar to women. In other words, the question for the jury to determine was whether a diseased condition of the feminine organs caused the injury or whether an accidental fall resulted in injury to the feminine organs of the plaintiff.

It appears to us that this is a border-line case in which the jury could have decided in favor of the plaintiff or in favor of the defendant. The trial Judge heard the testimony and denied motion for a new trial, thereby adding his concurrence to the verdict of the jury.

We do not think that the evidence so clearly preponderates against the findings of the jury and the judgment of the court in overruling motion for new trial as to require the reversal of the judgment.

Therefore, the judgment is affirmed.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J. (concurring specially).—The policy, in this case, does not, by its terms, cover loss resulting from any injury of uterus or ovaries, regardless of how the injury occurred.