RICHTER JEWELRY CO., INC., a Corporation, v. MRS. CLARA HARRISON

3 So. (2nd) 387
Division A
Opinion Filed July 15, 1941
Rehearing Denied July 25, 1941

*W. H. Burwell* and *Herbert U. Feibelman,* for Plaintiff in Error;

*Van C. Swearingen, L. J. Cushman* and *Murrell* and *Malone,* for Defendant in Error.

ADAMS, J.—This action was brought on five counts. The first two in trover charging conversion of a diamond ring; the third for breach of a pledge contract; and the fourth and fifth counts charged the negligent loss of the ring by bailee. Each count charged the loss of a diamond ring pledged to secure a $300.00 loan. The value of the ring was alleged to be $10,000.00 in each count. The case was tried resulting in a verdict for plaintiff in the sum of $3243.50. Writ of error is prosecuted to this Court.

The first question submitted to us for decision is one of jurisdiction of the circuit court over the subject matter.

The circuit court has original jurisdiction only of actions at law not cognizable by inferior courts. Section 11, Article V, Florida Constitution. The Civil Court of Record of Dade County has jurisdiction of actions at law up to $5,000.00 Chapter 11357, Acts 1925, Extra Session.

Where jurisdiction is dependent on the amount involved in the case, the question turns not upon the amount claimed or the amount actually recoverable, but the test is the amount claimed and put in controversy in good faith. See Knudsen v. Green, 116 Fla. 47, 156 So. 240, and cases there cited.

The record reveals litigation of the identical controversy between the same parties in the Civil Court of

Record of Dade County prior to institution of this action which resulted in a non-suit. The plaintiff testified in the former action that in 1924 the list price of the ring was $2,250.00 but was purchased for $1800.00 by her husband and given to her. In the case at bar she testified that the cost of the ring was $2,250.00. By no other evidence does she prove value at more than $2,500.00. The record affords no basis for a claim of sentimental value to her.

It is our conclusion that the circuit court was without jurisdiction and should have dismissed the action.

There is no justification to pass on the other questions submitted. The judgment is reversed with directions to dismiss the action.

So ordered.

BROWN, C. J., WHITFIELD and BUFORD, J. J., concur.