THOMAS, Justice.
The appellant filed a complaint in the ■circuit court containing an allegation that •the appellees did “exercise dominion and control” over a certain automobile while it ■was in the appellant’s possession and did -cause it to be removed from the place where appellant had put it. It was stated that the ■value of the motorcar was $2,500.
The circuit judge dismissed the cause for want of jurisdiction inasmuch as the Civil •Court of Record in the county has “exclusive original jurisdiction in all cases at law' * * * where the matter in controversy does not exceed * * * three thousand ($3000) dollars * * *.” Chapter 8521, Laws of Florida, Acts of 1921, as amended, Chapter 27169, Laws of Florida, Acts of 1951.
. The appellant challenges this action because he claims that the averments of his complaint would have justified the recovery of punitive damages of more than $500 so that the sum of punitive and compensatory damages would have made the amount in controversy sufficient to vest jurisdiction of the cause in the circuit court.
We do not find in the pleading the aver-ments to sustain this position. It is charged that dominion over the property was intentionally, unlawfully and deliberately exercised and that as a result of the “acts of the said defendants in willfully, wantonly and maliciously converting the said automobile” the appellant was inconvenienced, humiliat‘ed and embarrassed. But the adverbs the pleader selected did not so strengthen the statement of a loss for which compensatory damages might be recovered as to warrant recovery for punitive damages as well. . There could be no recovery for punitive damages in the absence of allegations of “general facts and circumstances of fraud, - malice, gross negligence, or oppression * * * ” Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 222. -No charges of this character were made.
The circuit judge was correct in his holding that under the indefinite allegations of the complaint the compensatory damages could not be enhanced 'by punitive damages to such extent that the “amount claimed and put in controversy in good faith” was sufficient to give the circuit court jurisdiction. Richter Jewelry Co., Inc., v. Harrison, 147 Fla. 732, 3 So.2d 387, 388.
The judgment is affirmed.
ROBERTS, C. J., and HOBSON and DREW, JJ., concur.