PEARSON, TILLMAN, Chief Judge.
Joseph J. Curley, petitioner, seeks review by certiorari of an order of the circuit court transferring petitioner’s personal injury suit to the Civil Court of Record. The respondents, Miami Transit Company and Henderson’s Portion Pak, Inc., were defendants in the trial court. The order transferring the case to the Civil.Court of Record in and for Dade County was made by the circuit judge upon the oral motion of the defendant, Miami Transit Company. The motion was made at the conclusion of plaintiff-petitioner’s case.
*300 The defendant-respondent, Henderson’s Portion Pak, Inc., did not join in the motion, but the order of the circuit court, of course, transferred the entire proceeding to the Civil Court of Record. The order sets forth the basis for the transfer. It is as follows:
“2. That this Court finds the proofs submitted by the plaintiff did not justify a verdict by the jury within the minimum jurisdictional limits of this Court and this cause be, and the same is hereby transferred to the Civil Court of Record in and for Dade County, Florida, for further proceedings.”
The circuit court has original jurisdiction in all actions at law not cognizable by inferior courts. Article V, § 6, Florida Constitution, F.S.A. The Civil Court of Record of Dade County has jurisdiction of actions at law where the matter in controversy does not exceed, exclusive of interest and cost, the sum of $5,000. Section 33.14, Fla. Stat., F.S.A.
Where jurisdiction is dependent on the amount involved in the case, the question turns not upon the amount claimed or the amount actually recoverable, but the test is the amount claimed and put into controversy in good faith. Richter Jewelry Co., Inc. v. Harrison, 147 Fla. 732, 3 So.2d 387; Gannett v. King, Fla.App.1959, 108 So.2d 299.
The determination of the trial judge that the proofs submitted by the plaintiff did not justify a verdict by the jury within the minimal jurisdictional limits of the circuit court had to be based perforce on his judgment that the plaintiff was not truthful in his testimony and thus did not claim the amount in controversy in good faith. We hold that this record does not preclude a jury of reasonable men from deciding otherwise. The plaintiff’s evidence was uncontradicted at the close of his case. Even if contradicted, the weight of the evidence is exclusively for the jury. Daniel v. Rogers, Fla.1954, 72 So.2d 391; Goff v. Miami Transit Company, Fla.1955, 77 So.2d 636; Massaline v. Rich, Fla.App.1962, 137 So.2d 10.
Having undertaken the trial the circuit judge erroneously determined that a jury would not believe the plaintiff and his witnesses. Cf. Willscott, Inc. v. Ullman, Fla. App.1960, 117 So.2d 856. The writ is granted, the order transferring the cause is quashed, and the cause is remanded for trial.
It is so ordered.