PER CURIAM.
Kenneth Amira, who was plaintiff in an action in the Circuit Court, has presented this petition for writ of certiorari to review an order transferring the cause to the Civil Court of Record. It appears from the record that the order being reviewed was entered after pretrial conference and was based' upon the conclusion of the circuit judge that the plaintiff could not in good faith claim as damages a sum in excess of $5,000.
The Circuit Court has original jurisdiction in all actions at law not cognizable by inferior courts. Article V, § 6, Florida Constitution, F.S.A. The Civil Court of Record of Dade County has jurisdiction of actions at law where the matter in controversy does not exceed, exclusive of interest and cost, the sum of $5,000. § 33.14, Fla. Stat., F.S.A.
Where jurisdiction is dependent on the amount involved in the case, the question turns not upon the amount claimed or the amount actually recoverable, but the test is the amount claimed and put into controversy in good faith. Richter Jewelry Co. v. Harrison, 147 Fla. 732, 3 So.2d 387; Curley *95 v. Miami Transit Co., Fla.App. 1962, 141 So. 2d 299. The plaintiff claimed damages for personal injury after fracturing both wrists. The wrists were placed in casts for approximately eight weeks with resultant pain and suffering. Medical expenses were $259, and it appears from the record that the permanency of the injury is, at best, questionable. The circuit judge’s estimate of the recoverable damages may be more accurate than that of the plaintiff; nevertheless, the test as stated above is the amount claimed in good faith by the plaintiff.
We conclude that the record does not support the finding of the circuit judge that the plaintiff could not in good faith claim damages in excess of $5,000. Therefore, the writ is granted and the order of the Circuit Court remanding the cause to the Civil Court of Record is quashed with directions to reinstate the cause in the Circuit Court.
It is so ordered.