CARROLL, Judge.
This appeal is by the plaintiff below from a summary judgment entered in favor of the defendants. The action was against an insurer and its agents for damages for the value of property lost in transit.
Presenting three points, the appellant contends that the trial court (the civil court of record) committed error (1) by refusing to transfer the cause to the circuit court; (2) by ruling that the causes of action declared on in the fourth amended complaint were barred by the statute of limitations; and (3) in holding there were no triable issues of fact and that defendants were entitled to judgment as a matter of law.
Appellant’s first contention lacks merit. The initial complaint declared on a written insurance policy. With leave of court four amended complaints were filed. As amended the complaint declared against the insurer on an oral contract of insurance, and in separate counts against the agents for negligent failure to. obtain the insurance and for misrepresentation, alleging they falsely represented a policy would be issued. In the several complaints the compensatory damages sought were the alleged value of the property, $2,136. In the complaint as amended, the count based on misrepresentation sought punitive damages of $100,000. Based thereon plaintiff moved to transfer the cause to the circuit court. In denying that motion the trial court was eminently correct. This is so because in the absence of allegations essential to support the punitive damage claim, the prayer for such damages did not enhance the fixed compensatory damages of $2,136 to exceed the jurisdiction of the civil court of record ($5,000), in that it did not represent an *45 “amount claimed and put in controversy in good faith.”
In the count in question it was alleged that the agents “willfully and knowingly misrepresented” that the policy sought by plaintiff would he issued; that they knew the representation was untrue and intended plaintiff to rely thereon, and that plaintiff did rely on the representation, to his loss.
Thus in Knudsen v. Green, 116 Fla. 47, 156 So. 240, 242, it was said:
“While under chapter 11357, Acts 1925 (Ex.Sess.), the civil court of record created in and for Dade county has exclusive original jurisdiction in all cases at law where the matter in controversy does not exceed, exclusive of interest and costs, the sum of $5,000, the amount of damages claimed in the present case filed in the circuit court of Dade county was and is $15,000, and the jurisdiction of such circuit court in the premises depends not upon the amount of damages which is actually recoverable as a matter of law, but is determined by the sum in good faith demanded or actually put in controversy. * * * ”
In the case of Anderson v. Burwell Motor Co., Fla.1954, 73 So.2d 822, 823, in an action for conversion of a motor vehicle valued at $2,500, an effort to bring the matter within the jurisdiction of the circuit court by a claim for punitive damages not supported by appropriate allegations was rejected, with the holding that “under the indefinite allegations of the complaint the ' compensatory damages could not he enhanced by punitive damages to such extent that the ‘amount claimed and put in controversy in good faith’ was sufficient to give the circuit court jurisdiction. Richter Jewelry Co., Inc. v. Harrison, 147 Fla. 732, 3 So.2d 387, 388.”
Appellant’s second point has merit. Rule 1.15(c), F.R.C.P., 30 F.S.A., provides:
“Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.”
The original complaint was timely filed on January 21, 1963. The fourth amended complaint was filed May 22, 1964. The alleged transaction had its inception in August 1960. The loss was alleged to have been discovered on January 19, 1961. The claims asserted in the several amended complaints in this cause arose out of the “conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading.” Therefore, under that express provision of rule 1.15(c) they related back to the date of the filing of the initial complaint in the cause. See Keel v. Brown, Fla.App. 1964, 162 So.2d 321, 323.
Appellant’s third point also has merit. The several counts in the complaint as amended presented genuine issues for trial. Other than to state, as conclusions, absence of triable issues and that defendants were entitled to judgment as a matter of law, the summary judgment did not reveal its grounds. However, as the allegations of the several counts were denied in the answer, and it was shown that appellant had sought insurance, been given assurance by the agents it would be forthcoming and had been charged and paid a premium, it would appear that in granting summary judgment for defendants the trial court proceeded on the mistaken view that the causes of action presented by the several counts of the complaint as amended were barred by the statute of limitations.
For the reasons stated the judgment appealed from is reversed and the cause is remanded for further proceedings.
Reversed and remanded.