PER CURIAM.
By this appeal, appellant seeks review of an order cancelling and annulling an antenuptial agreement which was found to be unfair and inequitable to the wife. Since the decision of the Florida Supreme Court in Del Vecchio v. Del Vecchio, Fla. 1962, 143 So.2d 17, it has been settled that antenuptial agreements must conform to certain standards of fairness if they are to receive the sanction of the law. These standards, as specifically set out in Del Vecchio, are to be applied to each case according to the particular facts, and the agreement is to be tested as of the time of its execution. The chancellor’s findings are entitled to the weight of a jury-verdict and will not be disturbed absent a showing by appellant that there was no substantial competent evidence adduced upon which such findings could be based. Ainsley Realty Co. v. Kramer, Fla.App.1967, 198 So.2d 640; Alvarez v. Dumont, Fla.App.1965, 178 So.2d 352. Therefore, the order appealed stands affirmed.
Affirmed.