HENDRY, Judge.
The petitioner, Robert G. Brailmont, seeks review by certiorari of an order of the Circuit Court of Dade County transferring petitioner’s suit for breach of contract in which he claimed damages against the respondent in an amount in excess of Five Thousand Dollars ($5,000.00).
At the close of plaintiff-petitioner’s case, the jury was excused and the trial judge, of his own motion entered an order transferring the cause to the Civil Court of Record of Dade County. The order was based upon a determination by the trial judge that plaintiff’s proof was not sufficient to warrant a verdict or judgment for an amount within the jurisdictional limits of the Circuit Court of Dade County (see Article V, § 6, Fla.Const., F.S.A.); therefore, the cause should be transferred to the Civil Court of Record of Dade County, which has jurisdiction of actions at law involving lesser amounts. (See § 33.14, Fla.Stat., F.S.A.)
Petitioner contends that the court erred in ordering that the cause be transferred from the Circuit Court. We find merit in petitioner’s contention. Where jurisdiction is dependent on the amount in controversy, the question turns not upon the amount claimed or the amount actually recoverable, but the test is the amount claimed and put into controversy in good faith. Richter Jewelry Co., Inc. v. Harrison, 147 Fla. 732, 3 So.2d 387; Gannett v. King, Fla.App.1959, 108 So.2d 299; Curley v. Miami Transit Company, Fla.App.1962, 141 So.2d 299; Castellano v. Bader Bros. Van Lines, Fla.App.1968, 208 So.2d 842.
*819 We have reviewed the record and found nothing showing that the plaintiff did not initially make his demand in good faith. However, at trial, it may be shown that the plaintiff is not entitled to any amount or that he is entitled to an amount less than the Five Thousand Dollars ($5,-000.00) jurisdictional limit of the Circuit Court.
For the reasons stated the writ is granted and the order transferring the cause is quashed.
It is so ordered.