HAVERFIELD, Judge.
Defendant-appellant, Massachusetts Casualty Insurance Co., seeks review of an ad *398 verse final judgment entered in favor of one of its insured, plaintiff-appellee, Samuel M. Johansen. The final judgment entered by the court awarded Johansen a monthly indemnification for being totally disabled as a result of an accident which occurred in 1961.
Defendant issued a health and accident insurance policy to plaintiff in which the company agreed to pay one hundred dollars per month for a period of twenty-four months if the plaintiff suffered a disability as a result of sickness or disease. If the disability, however, was caused by or resulted from accidental means the benefits were payable for the entire duration of the disability without limitation of time. The main question before this court is whether plaintiff’s total disability was the result of a serious accident which occurred in 1961, or whether the disability was caused by a disease or sickness, to-wit: an advanced osteoarthritic condition. These conflicting claims relating to the interpretation of this insurance policy presented for consideration a proper case for the maintenance of an action for declaratory judgment.
The subject policy was in effect during November 1961 while plaintiff, then fifty-nine years old, was actively engaged in his own air-conditioning system cleaning and maintenance business. Plaintiff was in Atlanta, Georgia in 1961 and was involved in a serious on the job accident in which he sustained numerous injuries including a fracture of the right pelvic bone and a compression fracture of a dorsal vertebra, After hospitalization plaintiff’s activities had to be sharply curtailed due to his back injuries and he was able to work only in a supervisory capacity. From 1961-1966 pain from the injuries increased and in June 1966 plaintiff could no longer perform any functions in his employment and he had to cease working.
Defendant insurance company paid plaintiff one hundred dollars per month from June 1966 when he stopped working until June 1968. The payments were stopped after twenty-four months because defendant insurance company maintained that the disability suffered by plaintiff was caused by advanced osteoarthritis and pursuant to the terms of the insurance policy, payments for disability resulting from such a sickness or disease were limited for that specific time period. Plaintiff contends to the contrary. He looks to the 1961 accident as the ultimate cause of the disability and seeks indemnification for the entire period in which he is disabled.
In its final judgment, the trial court ruled that plaintiff was totally disabled from an accidental injury in 1961 and was entitled to one hundred dollars per month during the term of his natural life while totally disabled. Accordingly, under the judgment, the benefits due plaintiff but unpaid from June 1968 to August 1971, a period of thirty-eight months, together with interest must be paid to plaintiff by defendant. A reasonable award for attorney’s fees was granted, by the trial court.
At trial, the judge was sitting as the trier of fact and he was presented with all the evidence concerning causation of the disability. His findings of fact and the eventual decision as stated in the final judgment come to this court carrying a presumption of correctness. Fishman v. Fishman, Fla.App.1971, 245 So.2d 258; Pecker v. Pecker, Fla.App.1970, 240 So.2d 528; Prudential Insurance Company of America v. Latham, Fla.App.1968, 207 So. 2d 733. The findings made by the trial judge are entitled to the weight of a jury verdict if supported by substantial competent evidence in the record on appeal. Reese v. Reese, Fla.App.1968, 212 So.2d 33; Ainsley Realty Co. v. Kramer, Fla.App.1965, 198 So.2d 640; Alvarez v. Dumout, Fla.App. 1965, 178 So.2d 352.
*399 The above described presumption and weight assigned to a judge’s decision has been applied to cases involving causation problems under insurance policies. Johnson v. Mutual Benefit H & A Ass’n., 125 Fla. 52, 169 So. 559; Roberts v. Southern Farm Bureau Casualty Insurance Co., Fla.App.1968, 215 So.2d 59; Great American Insurance Co. v. Cornwell, Fla.App. 1966, 191 So.2d 435; Kimbro v. Metropolitan Life Insurance Co., Fla.App. 1959, 112 So.2d 274. There is substantial competent evidence in the record on appeal to support the trial judge’s decision and the amount awarded pursuant to the insurance policy in the instant case.
In another point raised by defendant appellant, the jurisdiction of the circuit court is questioned. Defendant urges that the jurisdiction of the circuit court has not been complied with because the benefits received by the plaintiff did not fall within the requisite jurisdictional limits. We hold this point to be without merit. Where the jurisdiction is dependent on the amount in controversy the test is the amount claimed and put into controversy in good faith. Richter Jewelry Co., Inc. v. Harrison, 147 Fla. 732, 3 So.2d 387; Brailmont v. Goetz, Fla.App.1970, 240 So. 2d 818; Gannett v. King, Fla.App.1959, 108 So.2d 299; Curley v. Miami Transit Company, Fla.App.1962, 141 So.2d 299; Castellano v. Bader Bros. Van Lines, Fla.App.1968, 208 So.2d 842. Nothing in the record on appeal shows that plaintiff did not initially make his demand in good faith, although it may have developed on the trial of the cause that the amount recoverable was less than the jurisdictional limit of the circuit court.
Finally, we feel that the action for declaratory relief was properly maintained.
Therefore, the judgment herein appealed is affirmed.
Affirmed.