WIGGINTON, Judge.
Whitley petitions for writ of common law certiorari seeking review of a circuit court order dismissing the action for lack of subject matter jurisdiction and directing transfer of the action to the Ala-chua County Court. This Court has jurisdiction to review by certiorari the ruling of the trial court dismissing the cause for lack of jurisdiction. Thibadeau v. Santini Bros., Inc., 315 So.2d 550 (Fla.4th DCA 1975).
Whitley, a practicing attorney in Gainesville, purchased a sandwich from Phil-Nick’s A Good Place to Eat, a local restaurant, and took the sandwich to his office where he immediately consumed it. Within one and one-half hours Whitley began feeling ill and experienced the onset of nausea, vomiting and lower abdominal cramps followed by frequent watery stools. The apparent interitis worsened and Whitley required hospitalization at Alachua General Hospital. He entered on a stretcher and continued to vomit and excrete feces in the emergency room before numerous persons while awaiting admission. The alleged food poisoning episode lasted approximately two days and caused Whitley to encounter pain and suffering, repeated nausea and vomiting, diarrhea, acute abdominal cramps, dehydration, hyperventilation and muscle spasms.
Petitioner’s complaint sought a trial by jury and damages in excess of $5,000 as a result of Phil-Nick’s negligence causing Whitley to suffer “pain and anguish, mental anxiety, embarrassment and humiliation,” to undergo hospital and medical *926 treatment, and to incur the resulting related expenses.
The trial court granted Phil-Nick’s motion to dismiss the complaint for lack of jurisdiction based on the pleadings and discovery establishing only $1,254 of actual damages, leaving $3,746 in damages for the embarrassment and suffering inflicted upon Whitley, which remaining sum Phil-Nick’s argues could not and would not be awarded by a jury. Thus, according to Phil-Nick’s, the $5,000 claim could not possibly have been made in good faith. In response, Whitley, through legal counsel, filed his own “good faith” affidavit reaffirming the allegations and the requested damages set forth in the complaint previously filed by his attorney.
Where jurisdiction is dependent on the amount involved in the case, the question turns not upon the amount claimed or the amount actually recoverable; instead, the test is whether the amount was claimed and put into controversy in good faith. Amira v. Vineberg, 144 So.2d 94 (Fla.3d DCA 1962) and PTS of Gainesville, Inc. v. Olivetti Corporation of America, 334 So.2d 324 (Fla.1st DCA 1976).
In Amira the district court found that:
The circuit judge’s estimate of the recoverable damages may be more accurate than that of the plaintiff; nevertheless the test ... is the amount claimed in good faith by the plaintiff.
Id., at 95. The appellate court reversed by concluding that the record did not support the trial judge’s finding that the plaintiff, who sought damages after fracturing both wrists, could not in good faith claim damages in excess of $5,000.
Whitley’s position is that he suffered pain, embarrassment and humiliation due to Phil-Nick’s negligence and seeks damages to be determined by a jury. There is no question but that such damages are awardable in an action such as this. 17 Fla.Jur.2d, Damages, §§ 85-88. His knowledge of the actual losses coupled with his estimate of speculative damages that may be awarded by a jury, supported by a sworn affidavit based on Whitley’s experience and belief as a lawyer must be accepted as a sufficient showing of good faith to meet the jurisdictional requirement.
This Court affirmed a lower court’s denial of a motion to dismiss for lack of subject matter jurisdiction in PTS of Gainesville, involving two separate breach of contract claims and attorney’s fees, holding that:
Although the trial court only awarded $400 in attorney’s fees, appellant made no showing that appellee did not in good faith claim attorney’s fees that would bring the larger of the two separate breach of contract claims within the jurisdiction of the circuit court.
At 325.
Confronted by Whitley’s good faith estimate of his claim, we find no record evidence of Phil-Nick’s showing bad faith on Whitley’s part, but instead, mere speculation as to the maximum a jury might award. Unless Whitley were to be limited to his actual damages of $1,254, which he is not, then it is the jury’s province and duty to determine, if any, the dollar award that may be due Whitley, unrestricted by the established jurisdictional limitation of the county court.
This record and applicable law does not support the trial court’s finding that Whitley could not in good faith claim damages in excess of $5,000. Accordingly, the writ is granted and the order transferring the cause to the county court in and for Ala-chua County, Florida, is quashed with directions to reinstate the cause in the circuit court.
It is so ordered.
SMITH and JOANOS, JJ., concur.