475 So.2d 1247 (1985)
A.W. NEUMANN and Joe Crescenzi, Appellants,
v.
R.D. BRIGMAN, Jack Cherry, Jr., and Seaboard Coast Line Railroad Company, a Corporation, Appellees.
No. 84-509.
District Court of Appeal of Florida, Second District.
August 2, 1985.
Rehearing Denied October 3, 1985.
*1248 Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., and Beckham & McAliley, P.A., Miami, for appellants.
Judith W. Simmons and John Breckenridge, Jr., of Jacobs, Robbins, Gaynor, Burton, Hampp, Burns, Bronstein & Shasteen, P.A., Tampa, for appellees.
OTT, Acting Chief Judge.
The only question we decide in this case is whether the amount in controversy claimed by appellants, plaintiffs below, meets the jurisdictional amount of the circuit court. We think that it does and therefore reverse the order of the trial court dismissing the complaint.
Appellants filed an action against their employer, Seaboard Coast Line Railroad Company ("the Railroad"), and two employees of the Railroad (appellees). In an effort to encourage employees to be alert to and submit cost effective suggestions, the Railroad caused "The Employees Suggestion Plan Guide Book" and "Employees Suggestion Form" to be printed and distributed to its employees. The Employees Suggestion Plan Guide Book contained the following pertinent enticement provisions on potential monetary awards for any implemented cost-effective suggestions:

Tangible Awards  for suggestions with measurable monetary savings. The basis for determining tangible awards is:
15% of estimated savings accruing to the company in the first 12 months after full implementation of the idea.
... .

Maximum award for Tangible Suggestions (15% of first year savings) is $1,000... . However, if a suggestion is adopted and is of exceptional value to your company and/or family lines, an award beyond the maximum referred to may be made.
... .
Final decision as to the eligibility of a suggestion, a suggestor, the amount of award for adopted suggestions, or rejection of a suggestion, will be at the sole discretion of the General Suggestion Committee.
Procedure manuals on the authority and procedure for the Railroad's "General Suggestion Committee" to evaluate and make recommendations on all employee suggestions provided, insofar as pertinent here:
The General Suggestion Committee's responsibilities, authority, and accountability are as follows:
... .
3. Exercise final discretion in arranging payment of awards  not to exceed $1,000 for adopted suggestions.
4. Refer to the President for final approval all suggestions involving monetary awards in excess of $1,000.
Award Computation.
... .
The following guidelines for determining value are offered in order that all suggestions will be evaluated on an equal basis.
... .
The maximum award for tangible suggestions adopted is $1,000... . [I]f an unusual suggestion is adopted and the value to the individual railroad ... is exceptional, the General Committee may refer this suggestion to the President with recommendation for an award in excess of the maximum shown, based on the value of the idea.
The Employees Suggestion Form contained a section entitled "General Rules and Regulations" which included the following:

*1249 7. Awards ranging from $25 to $1,000 (with exceptions for unusually valuable ideas) will be paid to eligible employees for suggestions adopted.
Appellants' amended complaint alleges that they submitted a written suggestion on September 12, 1977, which the committee initially rejected on January 13, 1978. The committee expressed interest in the suggestion and invited appellants to attempt to supply more details. On April 14, 1978, appellants submitted a detailed amended suggestion, which appellants allege the Railroad implemented on April 24, 1978, with "record" results of over $2,000,000 cost savings in the first year. The complaint further alleges entitlement to damages of $800,000 for breach of contract and also includes counts for unjust enrichment, misappropriation of property rights, quantum meruit, and fraud, the latter including a prayer for punitive damages.
Appellees moved to dismiss appellants' complaint on the grounds that the above provisions limited appellants to a maximum recovery of $1,000  which, if true, was less than the minimum required "amount in controversy" under sections 26.012(2)(a)[1] and 34.01(1)(c)1,[2] Florida Statutes (1981). For our purposes on this appeal, the complaint alleges facts which, if proved, establish damages exceeding the jurisdictional threshold unless confined to the alleged $1,000 limitation. The trial court expressly ruled that under appellees' Employees Suggestion Plan "the maximum award for tangible suggestions is $1,000, (hence) the amount in controversy is limited to that amount and does not... meet the threshold jurisdictional requirements of this court."
The narrow question, therefore, is what dollar limitation, if any, is set by the above provisions. We assume, without deciding, that the Railroad can unilaterally limit compensation for employee suggestions it solicits, accepts, and uses to its profit  an interesting question but one we need not address in arriving at our decision.
Appellees have conceded, for purposes of the motion to dismiss, that appellants can maintain a breach of contract action based upon the Employee Suggestion Plan.
Where contract language is clear and unambiguous, it is up to the court to interpret the contract as a matter of law. Friedman v. Virginia Metal Products Corp., 56 So.2d 515 (Fla. 1952). However, where provisions of a contract are ambiguous, the ambiguity must be resolved by the trier of fact. Hoffman v. Terry, 397 So.2d 1184 (Fla. 3d DCA 1981). Our examination of the above-quoted provisions leads us to the conclusion that these provisions are susceptible to more than one conclusion regarding the appellants' entitlement to an award greater than $1,000.
We believe that the trial court erred in resolving this ambiguity against appellants on a motion to dismiss. In determining whether the jurisdictional amount for circuit court is met, the valuation fixed by the pleadings is to be accepted as true if made in good faith and not for the illusory purpose of conferring jurisdiction. Thibadeau v. Santini Bros., Inc., 315 So.2d 550, 552 (Fla. 4th DCA 1975). It matters not that it might ultimately develop at trial that the amount recoverable is less than the jurisdictional limit of the circuit court. Castellano v. Bader Bros. Van Lines, Inc., 208 So.2d 842 (Fla.3d DCA 1968). Hence, a resolution of the ambiguity favorable to appellants must be presumed for purposes of determining the threshold issue of whether the circuit court *1250 has jurisdiction. There is nothing in the record to indicate that the amount claimed by appellants was other than made "in good faith." Consequently, the circuit court erred in ruling that it lacked jurisdiction.
Appellees argue that there are technical pleading errors in appellants' complaint which are fatal and present us with an alternative basis for upholding the trial court's dismissal of the complaint. We feel that such technicalities should be first addressed by the trial court, particularly because it may be appropriate to allow amendments to cure such defects.
REVERSED and REMANDED for further proceedings consistent herewith.
CAMPBELL and SCHOONOVER, JJ., concur.
NOTES
[1] 26.012 Jurisdiction of circuit court. 

(2) [Circuit courts] shall have exclusive original jurisdiction:
(a) In all actions at law not cognizable by the county courts.
[2] 34.01 Jurisdiction of county court. 

(1) County courts shall have original jurisdiction:
(c) As to causes of action accruing:
1. Before July 1, 1980, of all actions at law in which the matter in controversy does not exceed the sum of $2,500, exclusive of interest, costs, and attorney's fees, except those within the exclusive jurisdiction of the circuit courts.