SHEPHERD, J.
This is an appeal of a trial court order dismissing a complaint filed by Nicolas Foley against Clyde Wilson for money damages amounting to one-half of the rental obligation on an apartment they shared, and one-half of the charges incurred on two credit cards used by them. The trial court dismissed the complaint for lack of subject matter jurisdiction. On de novo review, we reverse the decision of the trial court and remand with directions that the complaint be reinstated.
The pleading threshold to invoke the subject matter jurisdiction of the circuit court when, the complaint is one for money damages is not high. The requirement is merely that the amount claimed must be made “in good faith.” Haueter-Herranz v. Romero, 975 So.2d 511, 515 (Fla. 2d DCA 2008) (quoting Grunewald v. Warren, 655 So.2d 1227, 1229 (Fla. 1st DCA 1995)). The threshold routinely is satisfied in the circuit courts of this state with the general allegation that “This is an action for damages in excess of fifteen thousand ($15,000) dollars.... ” Foley made such an allegation here.
Wilson, nevertheless, asserts three grounds for dismissal: (1) the complaint, fairly read, seeks recompense solely for the last three months of the initial lease term ($6,450); (2) if the complaint is read to seek recovery for the renewal lease term (an additional $12,900), then the claim is barred jurisdictionally on its face by the Statute of Frauds; and (3) the amount of the claim for credit card charges being unstated, the jurisdictional threshold is unmet. Each ground is unavailing.
The allegation of the complaint relating to the rental claim reads'as follows:
2. Plaintiff and Defendant previously were co-tenants of a residential apartment in New York. See Lease, attached hereto as Ex. 1. At the request of Defendant, the Lease was extended for an additional term. See e-mail correspondence, attached hereto as Ex. 2. Defendant thereafter defaulted on his rental obligations as a co-tenant, leaving Plaintiff to pay the entirety of the rent for many months. Plaintiff paid in ex *342 cess of his 50 percent share of this joint obligation.
We disagree with Wilson’s contention that the claim made by this paragraph of the complaint is limited to the last three months of the initial term of the lease. This paragraph of the complaint can be read fairly as a claim against Wilson for half of the rental obligation for both the initial and renewal terms of the lease, or $19,350, an amount in excess of the $15,000 limit to invoke the jurisdiction of the circuit court.
Wilson argues that an e-mail attachment to the complaint expressly contradicts our construction of paragraph 2 of the complaint and therefore is dispositive. We again disagree. First, we note the e-mail on which Wilson relies was written by him, not the plaintiff, Foley. Second, we believe the e-mail itself is ambiguous. We resolve these ambiguities against the defendant, Wilson. See Haueter-Herranz, 975 So.2d at 515 (“Any ambiguity with respect to satisfying the jurisdictional amount should be resolved in favor of the plaintiff.”) (citing Neumann v. Brigman, 475 So.2d 1247, 1249 (Fla. 2d DCA 1985)). Second, because the trial court expressly granted the motion to dismiss on the basis of subject matter jurisdiction and it is not clear beyond peradventure to this reviewing court that the Statute of Frauds is implicated by Foley’s rental obligation claim, we decline to consider this defense ab initio on the record before us.
As to Wilson’s third contention, that the complaint fails to satisfy the subject matter jurisdiction threshold because it fails to allege the amount of credit card debt being sought by Foley, Wilson misses the point. Subject matter jurisdiction does not depend on a preliminary determination of the amount the plaintiff may actually recover or the ultimate disposition of the lawsuit. Haueter-Herranz, 975 So.2d at 515 (quoting Grunewald, 655 So.2d at 1229). To the contrary, subject matter jurisdiction is satisfied at the initial pleading stage by a good faith assertion of the amount involved in the lawsuit. Haueter-Herranz, 975 So.2d at 515 (citing Grunewald, 655 So.2d at 1229). If it becomes apparent during the course of the lawsuit the amount in controversy is less than the jurisdictional amount, then the case can be dismissed or transferred to the county court. See Fla. R. Civ. P. 1.140(h)(2) (stating defense of lack of subject matter jurisdiction may be raised at any time). Foley’s general allegation that the action is one for recovery of an amount in excess of $15,000, in combination with the allegation he is owed an unspecified amount of recompense for credit card debt, is sufficient to meet the subject matter threshold at this stage of the case.[1]
Reversed and remanded with directions to reinstate the complaint.

. We express no opinion on any of the other grounds asserted by Wilson for dismissal of the complaint.