# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2438
_____

ROBERT REID,

    Appellant,

    v.

BERNARD F. DALEY, JR.,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Charles W. Dodson, Judge.

May 6, 2019

B.L. THOMAS, C.J.

Appellant, a prisoner in the state corrections system, filed a civil suit in the Circuit Court for Leon County, alleging that he was the victim of fraud, deceit, dishonesty, and misrepresentation on the part of his postconviction attorney. The trial court ruled that the complaint failed to state a cause of action and dismissed the complaint without prejudice. Appellant filed an amended complaint, alleging that Appellee accepted money to file postconviction motions for Appellant, but then never performed the agreed-upon legal work. Appellant attached checks made out to Appellee in the amount of $4,500. He sought to recover the $4,500 allegedly paid to Appellee, plus $25,000 for mental anguish and emotional distress.

Appellee moved to dismiss the amended complaint, arguing that the allegations therein were still insufficient to state a cause of action. Appellee also argued that, by Appellant's own admission, the actual damages were only $4,500, putting the amount-in-controversy far below the circuit court's $15,000 jurisdictional threshold. The trial court ruled that Appellant's amended complaint failed to correct the deficiencies of the initial complaint and failed to state a cause of action. The court granted Appellee's motion to dismiss and instructed the clerk to close the file.

Appellant challenges the trial court's order, arguing that the court should have given him an opportunity to file a second amended complaint. For the reasons set forth below, we affirm.

*Analysis*

A review of a motion to dismiss is limited to the four corners of the complaint; a court may therefore only consider the allegations in the complaint and attached documents incorporated therein. *Wells Fargo Bank, N.A. v. Bohatka*, 112 So. 3d 596, 600 (Fla. 1st DCA 2013). When a complaint is defective, a trial court should give the plaintiff an opportunity to amend "unless it is apparent that the pleading cannot be amended to state a cause of action." *Id.* at 601 (quoting *Kairalla v. John D. Catherine T. MacArthur Found.*, 534 So. 2d 774, 775 (Fla. 4th DCA 1988)).

In Florida, the circuit courts have subject matter jurisdiction over actions at law where the amount-in-controversy exceeds $15,000, exclusive of interest, costs, and attorney's fees. §§ 26.012(2)(a) and 34.01(1)(c), Fla. Stat. (2016). To determine if a complaint meets the circuit court's $15,000 jurisdictional threshold, a trial court must assess whether the amount in the complaint was claimed in good faith. *Grunewald v. Warren*, 655 So. 2d 1227, 1229 (Fla. 1st DCA 1995).

The impact rule dictates that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries sustained in an impact." *R.J. v. Humana of Fla., Inc.*, 652 So. 2d 360, 362 (Fla. 1995). The impact rule does not apply, however, to a "very narrow class of cases" in which the foreseeable harms are predominantly emotional in nature. *Rowell v. Holt*, 850

2

So. 2d 474, 480 (Fla. 2003); *see Tanner v. Hartog*, 696 So. 2d 705, 708 (Fla. 1997) (describing invasion of privacy and wrongful birth as recognized torts that fall within this narrow exception to the impact rule).

Appellant did not allege that his mental anguish flowed from any physical injury or impact, and although he did allege that Appellee's conduct caused him anger, humiliation, embarrassment, and hypertension, these are the sort of "intangible, mental injuries" which have been found inadequate to overcome the impact rule. *See R.J.*, 652 So. 2d at 364. Because there is no connection between the alleged emotional suffering and any physical impact, Appellant cannot seek emotional distress damages unless an exception to the impact rule applies.

In *Rowell*, an attorney failed to turn over a document that would have freed his incarcerated client, and the supreme court held that the impact rule did not bar emotional distress damages. 850 So. 2d at 481. The supreme court emphasized, however, that its holding was not intended to implicate the entire spectrum of legal defense work but was instead limited to those rare cases where it "is beyond dispute that [the prisoner] was innocent of the crime charged, should not have been arrested, and was wrongfully confined on a continuing basis in pretrial detention." *Id.* This exception to the impact rule was meant to apply only where an attorney "is provided the means to unquestionably break down the walls of wrongful, unjust pretrial restraint" and either fails to do so or chooses not to. *Id.*

We decline to extend the narrow holding in *Rowell* to the circumstances here, where Appellant was not a victim of unjust pretrial restraint, but rather was serving a lawful sentence following a conviction. Also, unlike in *Rowell*, Appellant's allegations do not describe the type of conduct in which the foreseeable harms would be predominantly emotional, rather than financial, in nature. Therefore, we hold that this case does not fall within any recognized exception to the impact rule, and because there was no impact, emotional distress damages are not available.

Without emotional distress damages, the amended complaint does not allege an amount-in-controversy high enough to confer jurisdiction on the circuit court. This deficiency cannot be

3

corrected by amendment, as the cashier's checks attached to the amended complaint show on their face that Plaintiff's asserted losses fall below the $15,000 threshold. *See Sullivan v. Nova Univ.*, 613 So. 2d 597, 599 (Fla. 5th DCA 1993) ("the bare allegation of an amount in controversy exceeding $5,000 is insufficient to confer jurisdiction upon the circuit court, since Nova's claim is based upon two notes attached to this complaint which show on their face that the principal amount of the debt is substantially less than $5,000").

Because it is apparent that Appellant cannot in good faith amend his complaint to allege a basis for the circuit court's jurisdiction, the trial court did not err in dismissing the amended complaint and directing the clerk to close the file.

AFFIRMED.

KELSEY and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Robert Reid, pro se, for Appellant.

Bernard F. Daley, Jr., Tallahassee, pro se, for Appellee.