SOUTHERN EXPRESS COMPANY *v.* COUCH.

Opinion delivered March 19, 1923.

1. APPEAL AND ERROR—HARMLESS ERROR.—Undisputed testimony that the American Express Company was operated at the same place where another express company was doing business when a certain shipment was made, and that, nine months after the shipment, the American Express Company delivered the property to plaintiff without explanation as to how it came into possession of the property, is sufficient to establish that the American Express Company had succeeded to the business of the other company, so that defendants were not prejudiced by permitting a witness to testify to that effect.

2. APPEAL AND ERROR—HARMLESS ERROR.—An instruction that it was a carrier's duty to transport a shipment as promptly as possible, and that a failure to do so would constitute negligence, even if it imposed too high a degree of care upon the carrier, was harmless where the undisputed testimony established the carrier's negligence, as where a shipment which should have reached its destination in a few days was misplaced and not delivered until nine months later.

3. CARRIERS—DAMAGES IN EXCESS OF VALUE CLAIMED.—Where a shipper in his claim filed with the carrier placed a reduced value upon the articles in order to procure an immediate settlement, he was not bound by such valuation in a suit by him to recover the true value of such articles.

4. CARRIERS—PENALTY FOR DELAY—CONSTITUTIONALITY OF STATUTE. —Crawford & Moses' Dig., § 937, imposing upon an express com-

pany a penalty of $2 per day for delay after 20 days' notice in
paying for damages to or loss of goods, is unconstitutional be-
cause the penalty fixed is exorbitant and unreasonable.

Appeal from Columbia Circuit Court; *C. W. Smith,*
Judge; affirmed.

*Henry Stevens,* for appellant.

Case should be reversed for error of court in allow-
ing the station agent of the express company to testify
that the American Express Company succeeded to the
business of the Southern Railway Express Company.
2 Morawetz on Private Corporations, sec. 940. *Vassar*
v. *Ford,* 37 Ark. 27. Peremptory instruction should have
been given in favor of American Railway Express Com-
pany. *Wiggins Ferry Co.* v. *Ohio & M. Ry. Co.,* 142 U.
S. 396, 35 L. Ed. 1055; *McAlester* v. *American Railway
Express Co.,* 103 S. E. 129; *Austin* v. *Tecumseh National
Bank,* 35 L. R. A. 114. The judgment is excessive and
not supported by the evidence. 1 Sutherland on Dam-
ages, 785; 9 Encyc. of Evidence 958; 32 Ark. 346. The
court erred in giving instruction 4. *Goodell* v. *Bluff City
Lbr. Co.,* 57 Ark. 203; *St. Louis, I. M. & S. Ry.* v.
*Beecher,* 65 Ark. 12; *St. Louis I. M. & S. Ry.* v. *Thomp-
son-Hailey,* 79 Ark. 12; *Cornish* v. *Friedman,* 94 Ark. 282.
Erroneous instruction not cured by a correct one on same
subject. *Doyle* v. *Kavanaugh,* 87 Ark. 364; *Merchants'
Ins. Co.* v. *Adams,* 88 Ark. 550. Conflicting instructions
leave the jury without a correct guide and error in giving
prejudicial *St. L. I. M. & S. Ry.* v. *Hudson,* 95 Ark.
506; *Helena Hardwood Lbr. Co.* v. *Maywood,* 99 Ark.
377; *Hodge-Downey Const. Co.* v. *Carson,* 100 Ark. 433;
*Dove* v. *Harper,* 101 Ark. 37; *K. C. S. Ry.* v. *Brooks,* 84
Ark. 233.

*Joe Joiner,* for appellee.

Transcript does not contain all the evidence nor all
the court's instructions. Judgment against the Amer-
ican Railway Express Company should be affirmed.
*American Railway Express Co.* v. *Downing* (Va.), 111
S. E. 265. Neither is the judgment excessive. On the

cross-appeal the judgment should be reversed and appellee allowed the penalty for delay. Crawford & Moses' Digest, § 937.

Two years' statute applies. Sec. 6954, C. & M. Digest; 199 S. W. 707; 10 Mo. 781; 112 Me..234; 127 Fed. 23; 123 Ark. 266; 277 Fed. 433.

*Henry Stevens,* in reply.

Record is complete. Sec. 937, C. & M. Digest, provides a penalty and two-year statute applies. *Western Union Tel. Co.* v *State,* 82 Ark. 309. Black on Interpretation of Laws, p. 470. Court ruled correctly on demurrer.

HUMPHREYS, J. This is the second appeal of this case to the Supreme Court. On the former appeal the judgment was reversed because the trial court submitted an issue of special damages to the jury. Upon remand of the cause the pleadings were amended to include the American Railway Express Company as a party defendant, alleging that it had taken over the Southern Express Company and assumed the latter's liability, and, in addition to claiming damages for depreciation in the value of appellant's goods for negligent delay in delivering them, claimed a penalty of $2,472, under sec. 937 of Crawford & Moses' Digest, for not doing so. For a statement, in the main, of the facts in this case, reference is made to the opinion on former appeal, which is recorded at page 513, vol. 143 Ark. Reports. In addition to the statement found there it may be added that the testimony in the instant case was directed to the depreciation in the value of the trunk and its contents occasioned by a delay in delivering same. Appellee testified that at the time he expressed the trunk it contained a set of jeweler's tools worth $200, wearing apparel worth $150, and a watch and stick-pin worth $160; that on November 9, 1918, the American Railway Express Company delivered the trunk and contents to him in a damaged condition; that when he received them the trunk was worth $10, the tools about

$25, the wearing apparel $50, and the watch and stickpin worthless. On February 4, after the trunk was expressed, appellee filed a claim, verified by oath, with the Southern Express Company for $261.50, on account of the loss of the trunk and its contents. On cross-examination he was questioned concerning this claim and the value placed by him at that time on the various articles, to which he responded that he undervalued the articles in the claim, believing that by so doing the company would pay him immediately; that he was very anxious to get an immediate settlement, because he needed the money. It may also be added that J. K. Mooney testified in the instant case, over the objection and exception of appellants, that the American Railway Express Company succeeded the Southern Express Company in business. The cause was submitted upon the pleadings, testimony, and instructions of the court, which resulted in a verdict and judgment in favor of appellee for $400.

Appellants contend for a reversal of the judgment on several grounds.

It is first insisted that the trial court erred in allowing J. K. Mooney to testify that the American Express Company succeeded to the business of the Southern Express Company. Learned counsel for appellant argues that the only way to have established this fact was by the introduction of the resolutions of the stockholders or directors of the respective companies, showing the consolidation of the two companies. We deem it unnecessary to pass upon this point, as the undisputed testimony in this case shows that the American Express Company was operating at the same place where the Southern Express Company was doing business when the shipment was made, and nine months after the shipment, delivered the trunk and its contents to appellee. The American Express Company made no explanation as to how it came in possession of the trunk, and the reasonable inference is that it succeeded to the business and assumed the liabilities of the Southern Express Com-

pany. The testimony was sufficient to establish this fact without the evidence of J. K. Mooney. So no prejudice resulted to appellant, American Express Company, on account of the testimony given by Mooney.

It is next insisted that the court erred in giving instruction No. 4. The particular part of the instruction assailed by appellant as erroneous is as follows:

"It was defendant's duty to transport the trunk in this case as promptly as possible, and a failure to do so by the defendant would constitute negligence, and if the plaintiff was damaged by such negligence,   *   *   *''.

It is urged that too high a degree of care was imposed by this instruction upon appellants; that the degree of care imposed upon them by the law was to deliver the shipment within a reasonable time, and that they could be held for damages only in case of an unreasonable delay in delivering. We deem it unnecessary to discuss the question raised, because the undisputed facts in the case show that the delay in delivery was unreasonable. The trunk was expressed from Magnolia, Arkansas, to Kansas City, Missouri. It should have reached its destination in a few days, but was misplaced in transit and was not delivered to appellee until nine months later. The delay in delivery was unreasonable, and the instruction given would not have prejudiced the rights of appellants in any way. In other words, the undisputed evidence conclusively establishes negligence in law upon the part of appellant.

The next and last insistence for reversal is that the judgment is excessive. It is true that the testimony of appellee conflicts with the claim filed by him, in so far as the value of the various articles is concerned, but he was not bound by the values fixed in the claim filed with appellants. He explained that he placed a reduced value in the claim upon the articles in order to procure an immediate settlement with appellants. His testimony was sufficient to support the verdict, if believed by the

jury, and the weight to be attached to it was a question solely for them.

Appellee has prosecuted a cross-appeal and asked that appellants be penalized $2 per day for failure to pay the claim, under sec. 937 of Crawford & Moses' Digest. The penalty statute referred to is unconstitutional because the penalty fixed is exorbitant and unreasonable. *Beckler Produce Co.* v. *American Ry. Exp. Co.*, 156 Ark. 296.

No error appearing, the judgment is affirmed.