315 So.2d 550 (1975)
Paul THIBADEAU and Therese Thibadeau, Petitioners,
v.
SANTINI BROS., INC., Etc., Respondent.
No. 74-1622.
District Court of Appeal of Florida, Fourth District.
June 20, 1975.
Paul Thibadeau of Mendoza & Thibadeau, Palm Beach, for petitioners.
Martin B. Freedman of Pestcoe & Payton, Miami, for respondent.
MAGER, Judge.
Paul Thibadeau and Therese Thibadeau, plaintiffs below, seek to review an order *551 dismissing their complaint filed against Santini Bros., Inc., defendant below, and transferring the cause from the circuit court to the county court predicated upon a finding that the matter in controversy did not reflect the jurisdictional amount necessary to invoke the jurisdiction of the circuit court.
Initially, the plaintiffs sought review of the aforementioned order by way of appeal. In response to defendant's motion to quash and dismiss the appeal, this court entered an order denying such motion and ordering that the notice of appeal be treated as a petition for writ of certiorari. See Art. V, sec. 2, Const. of Fla.
At the outset, it might be well to point out that an order transferring a cause to the proper court is not such an (final) adjudication as would support a full appeal; such order is not, in the true sense, an interlocutory order and even if it be deemed "interlocutory", the order does not fall within the category of orders subject to review under Rule 4.2, F.A.R. See Tantillo v. Miliman, Fla. 1956, 87 So.2d 413. As the Supreme Court stated in Tantillo, supra:
"... If the petition for certiorari is not entertained, the petitioners will have no choice but to enter the civil court of record, secure an adjudication, and if unfavorable, then be required to return for review to the very court which had sent them there. In the event of an adverse ruling in the circuit court, then acting as an appellate court, there could be no final review in the supreme court except via certiorari. This possible circuitous route convinces us that we should entertain the petition and decide whether or not the petitioners have sufficiently shown that the circuit judge failed to observe the essential requirements of law and justice when he entered the order of transfer... ."
Analogously, under the newly adopted provisions of Article V, Florida Constitution, and the pertinent statutes pertaining to the circuit and county courts, appeals from the county court would be to the circuit court. (See sec. 26.012(2)(a), F.S.) Therefore, the action of the circuit court transferring the cause to the county court ought to be subject to discretionary review by certiorari to determine if there has been a departure from the essential requirements of law.
Having concluded that the appeal should be treated as a petition for certiorari, see Easley v. Garden Sanctuary, Inc., Fla. App. 1960, 120 So.2d 59, we now direct our attention to the specific issue under review. The plaintiffs filed their complaint in the circuit court seeking damages in excess of $2,500.00 and alleging, among other things, that it had entered into an agreement whereby the defendant was to transport and deliver certain household furnishings and goods from Sea Cliff, New York to Palm Beach, Florida. Plaintiffs allege that upon opening the crates containing household goods it was discovered that a chest containing their silverware was missing.
Plaintiffs further allege that they filed a timely claim with the defendant for the missing silverware and attached a copy of that claim with an explanatory letter. The attached letter reflected that the dollar value of the missing silverware was $1,975.00. The letter, however, pointed out that the amount listed therein for each of the missing items was "the price of each item as best we can approximate it at this time." The letter also pointed out that although the amounts listed were based upon the then current prices the plaintiffs expected to be reimbursed for the value of the silverware at the time of reimbursement, having been advised that the price of such items would substantially increase.[1]
*552 Defendant filed a motion to dismiss asserting that by reason of the documents attached to the complaint the plaintiffs' claim was under $2,500.00 and thus not within the jurisdictional limits of the circuit court.[2] The court subsequently entered an order granting the defendant's motion to dismiss and transferring the cause to the county court.
Upon examination of the specific allegations contained in the complaint together with the documents attached thereto, and after reviewing the applicable judicial decisions we are of the opinion that the jurisdiction of the circuit court was properly invoked and that the court's order of transfer to the county court does not conform to essential requirements of law.
The test in determining the jurisdiction of the court "is the amount in good faith claimed or put in controversy when the action is commenced." Castellano v. Bader Bros. Van Lines, Inc., Fla.App. 1968, 208 So.2d 842; Tantillo v. Miliman, supra; 8 Fla.Jur., Courts, sec. 103. The valuations fixed by the pleadings ought to be accepted as true if made in good faith and not for the illusory purpose of conferring jurisdiction, notwithstanding it might ultimately develop at the trial of the cause that the amount recoverable was less than the jurisdictional limit of the circuit court. Castellano v. Bader Bros. Van Lines, Inc., supra; 8 Fla.Jur., Courts, supra, p. 377. Although the valuation set forth in the pleadings conflicts with those reflected in the letter attached thereto, a review of the record on appeal does not affirmatively show that the valuation in the pleadings was other than made "in good faith".
We are not unmindful of Rule 1.130(b), FRCP, which provides that "(A)ny exhibit attached to a pleading shall be considered a part thereof for all purposes". Defendant places a great reliance upon the claim of loss filed by the plaintiff which was attached to the complaint and which reflects a dollar value of $1,975.00. Our reading of the attachment suggests that this amount was intended to serve only as an approximation or estimate; and while the filing of a claim with the carrier may conform to some regulation of the Interstate Commerce Commission pertaining to interstate carriers such a requirement does not, automatically, determine the jurisdictional limits of a court.
It might be well to point out that the mere filing of a notice of claim is not tantamount to a limitation on the amount recoverable. In Southern Express Co. v. Couch, 1923, 157 Ark. 604, 249 S.W. 559, which dealt with the effect of a shipper's testimony as to the value of his loss in excess of the value set forth in the notice of claim, the Supreme Court of Arkansas concluded that the shipper was not bound by the value fixed in the claim especially where the amount in the claim was a reduced value in order to procure an immediate settlement. That facet of the Couch decision bears a striking similarity to the factual circumstances present in the instant case.
The particular nature of the document attached to the complaint reflecting an approximation or estimate coupled with the absence of any showing that the amount alleged in the pleadings was not made in good faith, leads us to conclude that the "matter in controversy" was the amount set forth in the pleadings, i.e. "in excess of $2,500.00", so as to properly be within the jurisdiction of the circuit court.
Accordingly, the petition for certiorari is granted and the order of transfer is quashed with directions to reinstate the cause in the circuit court.
Certiorari granted.
WALDEN, J., concurs.
CROSS, J., dissents, without opinion.
NOTES
[1] The letter closed with the following statement: "We are making this claim at the current prices in order to start the process of receiving the money for our loss."
[2] Sec. 34.01, F.S., provides that the county court shall have jurisdiction "... of all actions at law in which the matter in controversy does not exceed the sum of $2,500, ...".