625 So.2d 905 (1993)
Luis F. SOLER and Maria V. Soler, Petitioners,
v.
INDEPENDENT FIRE INSURANCE COMPANY, Respondent.
No. 93-1301.
District Court of Appeal of Florida, Third District.
October 12, 1993.
*906 Carlos Lidsky, Hialeah, Thomas Paigo, Miami, for petitioners.
Weinstein, Bavly & Moon, and Alvin N. Weinstein, Arthur J. Morburger, Miami, for respondent.
Before NESBITT, JORGENSON and GERSTEN, JJ.

ON PETITION FOR WRIT OF CERTIORARI
PER CURIAM.
We grant the petition for certiorari which seeks review of a circuit court order transferring a case to the county court because the amount in controversy was less than $15,000.
The test to determine the jurisdiction of the court "is the amount in good faith claimed or put in controversy when the action is commenced." Thibadeau v. Santini Bros., Inc., 315 So.2d 550, 552 (Fla. 4th DCA 1975) (quoting Castellano v. Bader Bros. Van Lines, Inc., 208 So.2d 842 (Fla. 3d DCA 1968)). The valuations fixed by the pleadings ought to be accepted as true if made in good faith and not for the purpose of conferring jurisdiction, notwithstanding it might ultimately develop at trial that the amount recoverable was less than the jurisdictional limit of the circuit court. Id.
We quash the order of transfer because it cannot be concluded from the record now before us that the amount in controversy is indisputably less than $15,000 or that the allegations claiming entitlement to an amount in excess of $15,000 were not made in good faith. See Ross v. Barnett, 436 So.2d 1040, 1041 (Fla. 3d DCA 1983); Norris v. Southern Bell Tel. & Tel. Co., 324 So.2d 108 (Fla. 3d DCA 1975). If later developments in the case show without dispute that the amount in controversy is less than $15,000, the trial court is free to transfer the cause. Ross, 436 So.2d at 1041; Norris, 324 So.2d at 109.
Certiorari granted; order quashed.