DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ROBERT J. BOGDANOFF,**
Appellant,

v.

**BROKEN SOUND CLUB, INC.,**
Appellee.

No. 4D13-3124

[December 3, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Reginald Corlew, Judge; L.T. Case Nos. 2008CC013934XXXXSB and 2012CA014269XXXXMB.

Shane M. Farnsworth of Shane M. Farnsworth, P.A., Delray Beach, for appellant.

Dale W. Schley, II, of Laing & Weicholz, P.L., Boca Raton, for appellee.

PER CURIAM.

Appellant Robert J. Bogdanoff appeals the final order of summary judgment entered against him and in favor of Appellee Broken Sound Club, Inc. ("Broken Sound") on its complaint to recover delinquent dues and fees from Appellant's membership in Broken Sound Club. Appellant also appeals the order granting Broken Sound's motion to transfer the cause from county court to circuit court, the order granting Broken Sound's motion to dismiss his counterclaim, and the denial of his motion to disqualify a judge. We find no error in the trial court's decisions below and, therefore, affirm the final judgment without further comment except as to the issue of the transfer of the case from county court to circuit court.

Appellant maintains that the transfer of his case to the circuit court was improper because Broken Sound's complaint only alleged the jurisdictional limits of the county court and no amended complaint was filed, leaving the circuit court without subject matter jurisdiction to hear the case. We review the question of subject matter jurisdiction de novo. *Sanchez v. Fernandez*, 915 So. 2d 192, 192 (Fla. 4th DCA 2005).

The parties correctly assert that a court's subject matter jurisdiction over a case generally depends on the good-faith allegations in the complaint as to an amount in controversy. *See Wendler v. City of St. Augustine*, 108 So. 3d 1141, 1143 n.3 (Fla. 5th DCA 2013). While recognizing this, the Florida Supreme Court has stated that the test is twofold and held that, "notwithstanding the bona fides of the plaintiff's demand at the time of institution of suit, as a matter of judicial power the county court is precluded from entering a judgment for damages in excess of its mandated jurisdiction." *White v. Marine Transp. Lines, Inc.*, 372 So. 2d 81, 84 (Fla. 1979). Since 1992, the county court has had jurisdiction to hear matters in controversy not exceeding $15,000. § 34.01(1)(c), Fla. Stat. (2012).

In our instant case, transfer of the cause was proper where the amount owed by Appellant to Broken Sound continued to accrue over the years of pending litigation and the county court would have been precluded from entering a final judgment as to the correct amount owed, which exceeded $15,000. While Appellant does not challenge the jurisdictional limitation of the county or circuit court, he asserts that Broken Sound's failure to amend the original complaint to invoke the subject matter jurisdiction of the circuit court deprives the circuit court of that jurisdiction.

"If it should appear at any time that an action is pending in the wrong court of any county, it may be transferred to the proper court within said county by the same method as provided in rule 1.170(j)." Fla. R. Civ. P. 1.060(a). Rule 1.170(j), governing transfers of actions when counterclaims and crossclaims are added to make the demand exceed the jurisdictional limitation of a court, notes that the transfer should occur "with only such alterations in the pleadings as are essential." Fla. R. Civ. P. 1.170(j). What is essential to a pleading is what is necessary to put the other party on notice of what is to be tried and claimed for relief. *See* Fla. R. Civ. P. 1.110(b); *Brown v. Gardens by the Sea S. Condo. Ass'n*, 424 So. 2d 181, 183 (Fla. 4th DCA 1983).

Whereas the allegations in the complaint were sufficient to put Appellant on notice that monthly dues and fees would continue to accrue after the filing of the complaint, it was not essential for Broken Sound to amend the complaint to reflect such accrual. We therefore hold that no amended complaint is required to allege the jurisdictional limits of the circuit court when transferring a cause from the county court where the transfer is necessary to allow a plaintiff to obtain full relief relating to fees and assessments originally pled that continue to accrue while litigation is pending.

2

*Affirmed.*

CIKLIN, CONNER and FORST, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**