DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JULIO PLUTT,** an individual, **JAZWARES DISTRIBUTION, INC.,** a
Florida Corporation, **BRIGHT PRODUCTS, INC.,** a Florida Corporation,
Appellants,

v.

**MICHELE ROSS,**
Appellee.

No. 4D17-1906

[November 8, 2017]

Appeal of non-final order from the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; John T. Luzzo, Judge; L.T. Case No. 09-
10145.

Geoffrey D. Ittleman of The Law Offices of Geoffrey D. Ittleman, P.A., for
appellants.

Melissa E. Roque and Steven D. Gonzalez of Weinberg, Wheeler,
Hudgins, Gunn & Dial, LLC, for appellee.

FORST, J.

Julio Plutt, Jazwares Distribution, Inc., and Bright Products, Inc.
("Appellants") appeal the circuit court's denial of their Florida Rule of Civil
Procedure 1.540(b) motion to vacate a final judgment awarding Appellee
Michele Ross $7,092.56. In their motion, Appellants contended that the
final judgment entered by the circuit court was void for lack of subject
matter jurisdiction because the amount in controversy did not exceed
$15,000. We affirm because the complaint, in good faith, sought damages
in excess of $15,000, conferring jurisdiction on the circuit court
notwithstanding the ultimate damage award.

**Background**

In 2009, Appellee filed a complaint against Appellants in Broward
County circuit court. She alleged that Appellants breached a contract in
which she agreed to author children's books in exchange for a royalty or
commission on all book sales, ranging from 1.5 to 3.5 percent. Appellee

further alleged that Appellants failed to provide any of the agreed-upon compensation despite her performance under the contract. Regarding damages, Appellee alleged: "All claims made herein are for damages in access [sic] of $15,000.00, exclusive of attorneys' fees, interest and costs."

Following years of litigation and discovery, Appellee successfully moved for a default. Appellee then filed a motion for summary judgment. The motion stated that the proceeds from the sales of Appellee's books amounted to $202,644.81. Based on the formula in the subject contract, Appellee asserted that Appellants owed her $7,092.56 "in royalties." However, she also claimed to have suffered total damages of $209,737.37, which was the sum of the royalties and the sale proceeds. The trial court entered an order granting the motion for summary judgment and stating that Appellee was entitled to $7,092.56 in damages. The final judgment awarded that amount, in addition to costs and pre-judgment interest, for a total award of $13,695.58.

More than a year after entry of the final judgment, Appellants filed a motion to vacate. They asserted that the circuit court lacked subject matter jurisdiction because Appellee stated in her summary judgment motion that she was due $7,092.56 in damages for unpaid royalties. Appellants argued that Appellee effectively acknowledged that the court was without jurisdiction because the amount in controversy did not exceed the $15,000 threshold needed to invoke the circuit court's jurisdiction.

The trial court entered an order denying the motion to vacate without explanation. This non-final appeal follows. *See* Fla. R. App. P. 9.130(a)(5).

## Analysis

We generally review a trial court's ruling on a motion to vacate for an abuse of discretion. *Vercosa v. Fields*, 174 So. 3d 550, 552 (Fla. 4th DCA 2015). However, "[w]hether a judgment is void is a question of law reviewed de novo." *Id.*

A party may move at any time to vacate a final judgment as void due to lack of subject matter jurisdiction. *Kathleen G. Kozinski, P.A. v. Phillips*, 126 So. 3d 1264, 1268 (Fla. 4th DCA 2013). Florida circuit courts have subject matter jurisdiction over actions at law in which the matter in controversy exceeds $15,000, exclusive of interest, costs, and attorney's fees. *See* §§ 26.012(2)(a) and 34.01(1)(c), Fla. Stat. (2016). "[A] court's subject matter jurisdiction over a case generally depends on the good-faith allegations in the complaint as to an amount in controversy." *Bogdanoff v. Broken Sound Club, Inc.*, 154 So. 3d 410, 411 (Fla. 4th DCA 2014). "The

2

test in determining the jurisdiction of the court 'is the amount *in good faith* claimed or put in controversy when the action is commenced.'" *Thibadeau v. Santini Bros., Inc.*, 315 So. 2d 550, 552 (Fla. 4th DCA 1975) (quoting *Castellano v. Bader Bros. Van Lines, Inc.*, 208 So. 2d 842, 842 (Fla. 3d DCA 1968)).

Once jurisdiction is properly invoked by filing the complaint, "the circuit court retain[s] jurisdiction to enter an award, irrespective of the amount."[1] *Cooperativa De Seguros Multiples De v. Cintron*, 44 So. 3d 623, 624 (Fla. 5th DCA 2010) (Torpy, J., concurring); *see also Thibadeau*, 315 So. 2d at 552; PHILIP J. PADOVANO, FLORIDA CIVIL PRACTICE § 1.5 (2016 ed.) ("If the jurisdiction of the circuit court is invoked by a proper allegation, it will not be defeated on the ground that the award of damages is less than the jurisdictional amount for filing a case in the circuit court.").

In this case, Appellee asserted in her complaint that "[a]ll claims made herein are for damages in access [sic] of $15,000.00, exclusive of attorneys' fees, interest and costs." There is no evidence in the record that Appellee's claim for damages in excess of $15,000 in her complaint was not made in good faith (the lower amount sought by Appellee in her subsequent motion for summary judgment was calculated from sales numbers obtained only in the course of discovery). Moreover, Appellants explicitly conceded the "good faith" issue in their reply brief. *Cf. Cintron*, 44 So. 3d at 625 (Orfinger, J., dissenting) (stating that, where plaintiff knew damages were below jurisdictional threshold when filing amended complaint, the plaintiff's claim for damages in excess of $15,000 "could not have . . . been made in good faith").

**Conclusion**

The circuit court in this case had subject matter jurisdiction at the time it entered the final judgment because it had jurisdiction at the time Appellee filed the complaint, where she sought in good faith, damages in excess of $15,000. Consequently, the subsequent motion to vacate was without merit.

---

[1] While this means a circuit court has jurisdiction to enter a judgment for $15,000 or less (assuming a good-faith demand in the complaint), "notwithstanding the bona fides of the plaintiff's demand at the time of institution of suit, as a matter of judicial power the *county court* is precluded from entering a judgment for damages in excess of its mandated jurisdiction." *White v. Marine Transp. Lines, Inc.*, 372 So. 2d 81, 84 (Fla. 1979) (emphasis added); *accord Bogdanoff*, 154 So. 3d at 411.

*Affirmed.*

WARNER, J., concurs.

GROSS, J., concurs in result.

\*         \*         \*

**Not final until disposition of timely filed motion for rehearing.**