DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HILTON CURTIS** and **CORA WILLIAMS,**
Petitioners,

v.

**CENTAURI SPECIALTY INSURANCE COMPANY,**
Respondent.

No. 4D19-2126

[February 19, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. 17-011574.

David Avellar Neblett and James M. Mahaffey III of Perry & Neblett, P.A., Miami, for petitioners.

Edgardo Ferreyra and Jonah D. Kaplan of Luks, Santaniello, Petrillo & Cohen, Fort Lauderdale, for respondent.

PER CURIAM.

Hilton Curtis and Cora Williams petition for certiorari review of a circuit court order granting the respondent insurance company's motion to dismiss for lack of subject matter jurisdiction. The circuit court transferred the case to county court based on the amount in controversy. We grant the petition because the record before us does not show the amount in controversy is indisputably less than $15,000 or that petitioners' allegations claiming entitlement to an amount in excess of $15,000 were not made in good faith.

In the underlying matter, petitioners' complaint alleged entitlement to estimated damages of $130,524.96 following their retention of a public adjuster to investigate their claim. Respondent argued that the matter should be transferred to county court, contending that petitioners' loss was subject to a "water limitation" in the policy, which capped damages at $10,000. The circuit court agreed and entered an order transferring the case.

In the instant petition, petitioners argue that the circuit court order departed from the essential requirements of law because respondent did not prove that the loss was exclusively attributable to water, and petitioners dispute that the water limitation applies. Further, petitioners contend that the circuit court failed to apply the proper test for determining jurisdiction, which they assert is whether petitioners failed to plead their damages in good faith.

In response, respondent argues that, while it is true that a circuit court's subject matter jurisdiction is initially determined by the amount of damages alleged in good faith, if it is later determined that the amount in controversy is less than jurisdictional limits, the circuit court may transfer the case to county court.

We agree with petitioners that the proper test in determining the threshold matter of jurisdiction is whether petitioners pleaded their damages in good faith. *See Thibadeau v. Santini Bros., Inc.*, 315 So. 2d 550, 552 (Fla. 4th DCA 1975); *accord Plutt v. Ross*, 230 So. 3d 883, 885 (Fla. 4th DCA 2017). Here, there is no evidence in the record to suggest they have not pleaded their damage amount in good faith. *See Plutt*, 230. So. 3d at 885. Thus, the matter was properly before the circuit court. *See Ross v. Barnett*, 436 So. 2d 1040, 1041 (Fla. 3d DCA 1983) (granting petition for certiorari and quashing circuit court order transferring matter to county court because the record could not support conclusion that the amount in controversy was indisputably less than the jurisdictional limit or that the allegations in complaint claiming entitlement in excess of that limit were not made in good faith); *see also Soler v. Indep. Fire Ins. Co.*, 625 So. 2d 905, 906 (Fla. 3d DCA 1993) ("The valuations fixed by the pleadings ought to be accepted as true if made in good faith and not for the purpose of conferring jurisdiction, notwithstanding it might ultimately develop at trial that the amount recoverable was less than the jurisdictional limit of the circuit court.").

Here, the parties dispute the cause of the loss and the amount in controversy. *Cf. Certain Interested Underwriters at Lloyd's London v. Pitu, Inc.*, 95 So. 3d 290, 291-93 (Fla. 3d DCA 2012) (reversing declaratory judgment awarding homeowner substantial monetary amount for water damage where parties *agreed* that loss was from water, because insurance policy expressly limited coverage for such damage). Further, because there is no evidence in the record suggesting that petitioners did not plead their damages in good faith, we grant the petition.

We note that, if later developments in the case demonstrate without dispute that the damage amount sought is subject to the $10,000 water limitation, the circuit court may transfer the case to county court.

*Petition for writ of certiorari granted; order quashed.*

LEVINE, C.J., KLINGENSMITH and KUNTZ, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**