DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BARBARA ALTOMARE,**
Appellant,

v.

**BOCA WEST COUNTRY CLUB, INC.,**
Appellee.

No. 4D2024-0369

[October 23, 2024]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Reginald R. Corlew, Judge; L.T. Case No. 502021CC005351.

Peter Ticktin and Edner Geffrard of The Ticktin Law Group, Deerfield Beach, and Ryan Fojo of The Ticktin Law Group, Orlando, for appellant.

John H. Pelzer of Greenspoon Marder LLP, Fort Lauderdale, and Larry Corman of Greenspoon Marder LLP, Boca Raton, for appellee.

MAY, J.

A country club membership and its dues requirements create the issues in this appeal. The property owner ("owner") argues the county court erred in determining that she was required to pay dues for the period of her membership suspension. In her second issue, the owner argues the county court erred in entering a judgment exceeding its jurisdiction.[1] We agree the county court lacked jurisdiction to enter the judgment because the amount exceeded its monetary jurisdiction. We reverse and remand the case for proceedings consistent with this opinion.

Prior to purchasing her condo unit, the owner applied for, and was accepted into, membership by Boca West Country Club, Inc. ("the Club"). The owner signed a written membership contract with the Club. The owner breached the contract, causing the Club to suspend her membership. The owner has not challenged her membership suspension.

The owner failed to pay membership dues during her suspension. The Club sued the owner in County Court to recover the unpaid dues. The owner filed a

---

[1] The appellee concedes this issue.

counterclaim.  Later, the Club amended its complaint to update the accumulated dues amount.

The owner voluntarily dismissed her counterclaim and moved for summary judgment on the Club's claim.  The court denied the owner's motion for summary judgment.

The Club then moved for summary judgment.  The Club again amended its complaint by interlineation to update the accumulated dues, then totaling $68,271.35 exclusive of fees and interest, but it did not move to transfer the case to the circuit court.

The County Court entered a final summary judgment in favor of the Club, awarding $88,029.18 in damages.  The owner moved for rehearing, which was denied.  The owner now appeals.

On appeal, the owner makes two arguments.  First, she argues the trial court erred in granting the Club's motion for summary judgment.  Second, she argues the County Court lacked jurisdiction to enter a judgment in the amount of $88,029.18.  Because we reverse on the second issue, we need not address the first issue.

- ***County Court Jurisdiction***

This issue is straight forward and conceded by the Club.

The owner argues the County Court erred in entering a judgment exceeding its monetary jurisdictional limit.  She suggests such a judgment is void. *Louisville & N.R. Co. v. Sutton*, 44 So. 946, 948 (Fla. 1907) ("If the judgment is an adjudication of a demand or damages claimed or penalty that exceeds [the county court's jurisdictional limits], the county judge had no judicial power to enter the judgment, and it is void.").

Both parties agree and are right.

> It is apparent, then, that the test for jurisdiction is twofold. In the first instance, the good faith demand of the plaintiff at the time of instituting suit determines the ability of the particular court to entertain the action.  However, notwithstanding the bona fides of the plaintiff's demand at the time of institution of suit, as a matter of judicial power the county court is precluded from entering a judgment for damages in excess of its mandated jurisdiction.

*White v. Marine Transp. Lines, Inc.*, 372 So. 2d 81, 84 (Fla. 1979); *see also Bogdanoff v. Broken Sound Club, Inc.*, 154 So. 3d 410, 411 (Fla. 4th DCA 2014).

2

The County Court erred in entering a judgment exceeding its monetary jurisdictional limits. We therefore reverse and remand the case for proceedings consistent with this opinion.

*Reversed and remanded.*

WARNER and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**